[S. F. No. 1163. Department Two.—July 17, 1899.]

EMMA M. TAFT, Respondent, v. M. F. TARPEY, Appellant.

RESERVATION OF WAY—DEDICATION—PRESUMPTION.—The reservation in a deed of a strip of land "for canal or road purposes, both or either," so far as the language discloses, is for the benefit of the grantor alone; and in such case, or where the way is for the benefit of both parties to the deed, no presumption arises of any intent to dedicate the way to public use as a highway.

ID.—EFFECT OF PUBLIC USER.—It is only by actual user, and to the extent of such user by the public as a highway, that the public can acquire rights in any portion of a strip reserved for road and ditch purposes in a deed; and no such rights result from the terms of the deed.

ID.—RESERVATION OF ADJOINING STRIPS — ROAD AND DITCH PURPOSES—USER—INJUNCTION.—Where similar reservations are made by the same grantor in deeds of adjoining lands to different persons at different times of two adjoining strips, one upon each tract, and each thirty feet in width, for road and ditch purposes, and where the junior grantee occupied the outer half of the strip upon his land for an irrigating ditch, and for trees and vines, for over six years, and only the middle thirty feet of the adjoining strips was in fact used by the first grantee and by the public for road purposes during that period, he may be enjoined thereafter from threatened interference with such ditch, trees and vines, upon the alleged ground that both strips were wholly dedicated to public use as a highway by force of the reservations.

EVIDENCE—WIDTH OF LAND OCCUPIED BY DITCH AND TREES.—Both parties to the deeds of the adjoining lands having acted upon the assumption that they were keeping within their respective rights, and fifteen feet having been left upon each side of the road, evidence is admissible to show that the width of the land continuously occupied by the ditch, trees and vines was fifteen feet.

ID.—CUSTOM OF GRANTOR AS TO RESERVATIONS—DECLARATIONS—CONVEYANCE TO WITNESS.—Declarations of the common grantor as to his rule or custom in making reservations in deeds of lands are not competent; and it is not error to exclude a prior deed to a witness containing a similar reservation to those contained in the deeds to the parties to the injunction suit.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Stanton L. Carter, Judge.

The facts are stated in the opinion.

Hart & Cleary, and A. C. Williams, for Appellant.

The strip having been dedicated as a highway, no part of it could be acquired by prescription. (*Watkins v. Lynch,* 71 Cal. 26; *Visalia v. Jacobs,* 65 Cal. 434; 52 Am. Rep. 203; *San Leandro v. Le Breton,* 72 Cal. 170; *Ex parte Taylor,* 87 Cal. 91; *Hargro v. Hodgdon,* 89 Cal. 623; *Southern Pac. R. R. Co. v. Ferris,* 93 Cal. 265; *Hoadley v. San Francisco,* 50 Cal. 265; 70 Cal. 320; *People v. Pope,* 53 Cal. 451; *Orena v. Santa Barbara,* 91 Cal. 621; Elliott on Roads and Streets, 125, 478.) The public is entitled to the use of the entire road; and whether the remainder of the strip is necessary is immaterial. (*Brown v. Stark,* 83 Cal. 636.) A partial user of a street or highway is an acceptance of the whole. (*Heitz v. St. Louis,* 110 Mo. 618; *Derby v. Alling,* 40 Conn. 410; *Burrows v. Guest,* 5 Utah, 91; *Plaquemines etc. Police Jury v. Foulhouze,* 30 La. Ann. 64; *Sprague v. Waite,* 17 Pick. 309; *Hannum v. Belchertown,* 19 Pick. 311; *Simmons v. Cornell,* 1 R. I. 519; *Cleveland v. Cleveland,* 12 Wend. 172.) The defendant, having been specially injured, could abate the obstruction to the road. (*Helm v. McClure,* 107 Cal. 199, 205; *Visalia v. Jacobs, supra; Hargo v. Hodgdon, supra;* Civ. Code, secs. 3495, 3479, 3481, 3490, 3491.) It is not necessary that the supervisors should cause a road to be recorded as such to render a strip of land dedicated to the public as a public road a legal public highway. (*Blood v. Woods,* 95 Cal. 78; *Smith v. San Luis Obispo,* 95 Cal. 463; Pol. Code, sec. 2621.) The court erred in excluding evidence of the deed to the witness Bernhard, and of the acts and declarations of Eggers as to the dedication of the strips reserved in the deeds made by him. (*Tait v. Hall,* 71 Cal. 149, 150; Code Civ. Proc., sec. 1849; *People v. Blake,* 60 Cal. 503; *People v. Dreher,* 101 Cal. 271; *Helm v. McClure, supra; Kripp v. Curtis,* 71 Cal. 62; *People v. Eel River etc. R. R. Co.,* 98 Cal. 665, 670, 671; *Harding v. Jasper,* 14 Cal. 649; *Quinn v. Anderson,* 70 Cal. 454.)

H. H. Welsh, for Respondent.

No presumption of an intention to dedicate the land as a highway could arise from the reservation made in the deeds. (9 Am. & Eng. Ency. of Law, 56, and cases cited in note, 2d ed., 50.) Where a road rests upon user, the boundaries of the road

are ascertained with reference to the user. (*People v. County of Marin*, 103 Cal. 231; *Freshour v. Hihn*, 99 Cal. 447.)

CHIPMAN, C.—Injunction. Plaintiff seeks to restrain defendant from entering upon her land for the purpose of opening a road over the same. Defendant claims that the strip of land in question was dedicated to the public for a road by plaintiff's predecessors in estate, and was also reserved for road purposes from the deed by which she claims title. The court found the following facts: That on April 21, 1884, one George H. Eggers was the owner in fee of the west half of the southeast quarter of section 20, township 13 south, range 21 east, situated in Fresno county, and on that day conveyed the same to George W. Taft (plaintiff's husband) by deed which contained a clause following the description of the land, to wit: "Reserving from this grant the right of way over a strip of land thirty feet wide on the westerly line of said tract of land for canal or road purposes, both or either"; said Taft entered into possession and occupied the premises until July 15, 1895, when he conveyed the land to plaintiff, who has ever since occupied and now occupies the same; in 1883 said Eggers conveyed the east half of the southwest quarter of the same section (lying directly west of plaintiff's land) by deed in which, following the description, is the following clause: "Saving and excepting therefrom a strip of land thirty feet wide off the east side of said tract of land, and a strip of land thirty feet wide off the west side of the northwest quarter of said section 20 . . . . said excepted strips of land being reserved for road and ditch purposes"; in January, 1884, said Eggers conveyed to defendant the northeast quarter of said section, "reserving therefrom a road and ditch way on the easterly side thereof"; in 1890 plaintiff's grantor constructed a ditch for purposes of irrigation along the eastern side of the strip of land so reserved from his deed for a distance of one-quarter of a mile; this ditch and its banks occupied a strip of land fifteen feet wide for its entire length; Taft planted fig trees and grapevines along the western bank of said ditch and in a straight line to the south boundary of his lands; the ditch occupied no more land than was necessary for its purposes, and there is not now and never has been any highway or traveled road upon said

thirty foot strip east of said line of fig trees and vines since the same were planted there"; in 1889 defendant entered upon the strip of land reserved as aforesaid, between the lands of plaintiff and the said lands directly west of plaintiff's lands, and graded and built a wagon road along the center of these two strips about thirty feet wide, occupying fifteen feet of the strip reserved from plaintiff's land, and plaintiff's said ditch and trees and vines "do not in any way interfere with or obstruct the free use of said road and roadway by defendant or any other person; this road is the most convenient means by which defendant can have egress from his said lands in the direction of the city of Fresno"; the court found and the defendant admits that he intends to enter upon the remaining portion of said strip of land and dig up and destroy plaintiff's said ditch and trees and vines; the board of supervisors of Fresno county never accepted said strip of land as a highway, nor did they ever declare the same to be a highway."

As conclusions of law, the court found the plaintiff entitled to judgment restraining defendant from "interfering with or digging up the portion of said premises upon which is now constructed plaintiff's ditch, and on which is planted plaintiff's said fig trees and vines, or from in any way entering upon said thirty foot strip of land east of the line of fig trees and vines and ditch of plaintiff, and from . . . . constructing . . . . a wagon road thereon." Judgment was entered accordingly, from which and from an order denying defendant's motion for a new trial this appeal is prosecuted.

1. The principal question discussed by counsel arises out of the reservation in Eggers' deed to Taft in 1884. Appellant claims that this clause in the deed operated as a dedication to the public for a highway, and that the interest of the public extended and attached to the donation in its entirety, upon no part of which had plaintiff a right to encroach and plant trees or dig ditches. We cannot regard the language of the deed as showing an intention to dedicate the land for a public use in any such way as to conclude the owner, and unless by the terms of the instrument such intention can be reasonably affirmed there was no dedication effected by the deed itself. The condition or reservation, so far as the language discloses, was for the

benefit of the grantor alone. In such case or where the way is
for the benefit of both parties to the deed, no presumption of
any intention to dedicate such way to the public arises. The
reservation was not only for road purposes, but also for ditches,
and the public were equally entitled, if at all, to the way for
both purposes. But it cannot be said that a use by the public
for ditches was contemplated, for the public had no occasion
for ditches, while the grantor might have.

We must look elsewhere than to this deed for any right in the
public. There is no evidence that Eggers ever made known his
intention as to this strip of land prior to the purchase made
by plaintiff and defendant. Defendant purchased his land in
January, 1884, and plaintiff's grantor purchased in the follow-
ing April. Defendant testified: "Inasmuch as I was buying the
land, and the county road was a half-mile away, I wanted to
know whether I was going to have access to my land. I asked
him [Eggers] about what reservations there were for roads in
order to get to the county road, and he pointed out this reser-
vation and said it was his purpose with any purchaser of land
as between his northern land and the county road to leave a
road where they could pass and the public could travel to do
their business." Defendant says he examined the record "and
found that he had done so in all cases as he had stated, and
accepted it as such." But plaintiff's grantor's deed was not then
in existence, and defendant could not have referred to the reser-
vation now in question. A former owner of the land directly
west of plaintiff's land, on which was also a reserved strip, testi-
fied that in 1889 he heard Eggers say "that he had dedicated
to the public thirty feet off the west side of the land owned by
Mr. Taft for road and ditch purposes for the use of the public
who bought his land." But this was five years after Taft had
bought the land, and besides the declaration was not that the
whole strip was for road purposes. Plaintiff's grantor, Taft,
testified: "At the time I accepted the deed I did not know
anything about the reservation. I supposed there was thirty
feet there, but didn't know whether it was thirty feet off me
or thirty feet off both parties. I have talked with Mr. Eggers
with reference to the matter. He has told me frequently that he
reserved a road there .... for road and ditch purposes, and

he was surprised that Mr. Tarpey was trying to take the whole shooting match." In this there was no declaration that the entire strip was for road purposes. The evidence tended to show that before plaintiff's ditch was dug there was no defined road in use along the west line of her land. Plaintiff testified: "After the fig trees were planted there was no travel east of them; . . . . there was never any defined roadway west of the place at any time before this present road was placed there (the road opened by defendant) other than a mere trail leading up and down there. And the wagon tracks east of the line of fig trees ran diagonally through; in fact, they seemed to go where they wanted to over the place, all over the land, prior to the time the fence was built across the front. The fence was built in 1889." Defendant did not use this means of access to his land until in 1889, five years after his purchase, when he graded the road thirty feet wide, taking fifteen feet from each of the reserved strips, and since that time this graded road has been in use by the public with the knowledge and consent of plaintiff and her grantor. There is no evidence of the use by the public of the entire sixty feet embraced in the two strips at any time. The only defined road shown to have been in use since Eggers sold to plaintiff's grantor and defendant is a road thirty feet wide, which plaintiff concedes is a public highway and which the court found upon sufficient evidence is of ample width for all public purposes without encroaching upon plaintiff's land any further than as now located. This road has its origin as a public road not by force of the deed of Eggers to Taft, but by subsequent dedication to and user by the public. It was probably the intention of Eggers that there should be roads for public use along all the reservations mentioned in the deeds made by him, but this intention was not expressed in the deeds and was not carried out otherwise by him. The public acquired the right in the instance before us by the acquiescence and other acts of dedication by plaintiff and her grantor, and by the declarations of Eggers made after he sold the land.

The declarations of Eggers show that it was not his intention that the entire width of sixty feet should be dedicated to the public for road purposes, for he included a way for ditches as well, and he expressed surprise that defendant should assume

that the whole width was for a road. Besides, both defendant and plaintiff by herself and her grantor acted upon this view of the reservation, and defendant opened and graded a road thirty feet wide, leaving fifteen feet for a ditch, which plaintiff's grantor occupied for ditch purposes about the same time. Defendant built the road in the spring of 1889, and Taft built the ditch and planted his trees and vines in February, 1890. This action was brought March 31, 1896. For six years defendant and the Tafts acted on the assumption that they were keeping within their rights; and as it was only by this actual user, and not by the terms of the deed, that they and the public acquired any rights, we do not see that defendant can now be heard to complain.

2. It is claimed as error that evidence was admitted to show the width of the land occupied by the ditch and trees and vines, the objection being that the deed dedicated the entire strip for road purposes, and it was immaterial where the ditch and trees were, as the public had a right to the whole thirty feet. There would be merit in the objection if we could adopt defendant's construction of the deed. Upon the view of it we have taken the evidence was relevant.

3. It is assigned as error that defendant was precluded from proving that Eggers had made a reservation similar to that in plaintiff's deed in the sale of land to witness, and that Eggers told witness "that it was his rule when he sold his land out there he reserved thirty feet right of way all around these places." This was not error. Witness bought his land in 1883. The evidence had no necessary connection with the purchase by Taft in 1884. Plaintiff admitted that the deed of witness contained a reservation similar to that in question. It was not competent to prove a custom or rule of Eggers in making deeds to land, and this is as far as the evidence proposed to go. We cannot see that its exclusion was prejudicial to defendant.

4. It is objected that the evidence does not support the fourth, fifth, and seventh findings. They are to the effect that the ditch occupies no more land than is necessary to its reasonable use; that the roadway is of sufficient width for all purposes of a highway, and as now used is not obstructed in any way by said ditch; that defendant threatens to enter upon said land

and dig up and remove said ditch. Defendant's answer declares his purpose to be as found by the court and justifies the finding, and we think there is sufficient evidence to support the other findings.

Discovering no reversible error, it is advised that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.