## Miller v. Campbell, et al.

(Decided December 9, 1915.)

### Appeal from Warren Circuit Court.

1. Deeds—Construction and Operation—Intention of Parties.—In con-struing a deed, the intention of the parties as it appears from the whole instrument, the attending circumstances, and the relation of the parties, will prevail over technical or popular meaning of inconsistent words.

2. Deeds—Construction and Operation—Word "Children" Used in the Sense of "Heirs."—Where it is apparent from the instrument, the attending circumstances and relation of the parties that the word "children" is used in the sense of "heirs," it will be so read and construed as a word of limitation and not of purchase.

3. Deeds—Construction and Operation.—In this case the children are not mentioned in the caption or granting clause, and the haben-dum was "to the use of the party of the second part and her chil-dren forever." It is held that the grantee took a fee-simple title.

S. R. CREWDSON and T. W. & R. C. P. THOMAS for appellant.

W. B. GAINES for appellee.

Opinion of the Court by Judge Clarke—Reversing.

The sole question in this case is the construction of the following deed:

"This indenture, made and entered into this 25th day of September, 1871, between Isaac Miller and Nancy Ann Elizabeth Miller, of the first part, and Margaret Lucy Virginia Miller, of the second part, all of the County of Warren and State of Kentucky, witnesseth: That the party of the first part, for and in consideration of the sum of twelve hundred dollars to them in hand paid, the receipt is hereby acknowledged, has this day sold to the party of the second part a certain tract or parcel of land, situated in the county and State aforesaid. Beginning at a stone in the lane near Prichard's shop in the road leading to Woodbury, running thence N. 43 W. 100 poles to a black gum; thence N. 28 W. 60 poles to a black oak and hickory; thence N. 81¾ E. 40 poles to a elum; thence N. 25 W. 66 poles to a white oak & hickory & sassifras; thence N. 55 E. 67 poles to a stone; thence S. 19 E. 164 poles to a stone; thence N. 82 E. 27 poles to a stone; thence south 47½ poles to a white oak in the spring branch; thence up the branch with its meanders 20 poles to the spring; thence S. 28½ W. 10 poles to a stone; thence S. 85 W. 20 poles to a stone, thence to the beginning, containing one hundred acres, more or less. We of the 2 part relinquish all rite and title with all the appertinances thareunto belonging to said tract of land and we warrant the title of said land against the claims of any other persons to the use of the party of the second part and her children forever in testimony whereof we have hereunto set ower hands and affixed ower seals the date above written.

his<br>
"Isaac   x   Miller.<br>
mark

her<br>
"Nancy   x   A. E. Miller.<br>
mark

"Attest: W. A. Settle."

Appellant contends that the grantee, Margaret Lucy Virginia Miller, took an absolute fee simple title under this deed to the land described therein, while appellees, except James R. Burton, contend that the said grantee took merely a life estate with vested remainder to her

children. The lower court agreeing with the latter contention, adjudged that the said grantee took only a life estate in said land, and dismissed appellant's claim to homestead and curtesy.

It is conceded that the conveyance was made as a result of an absolute purchase; that the consideration named in the deed was paid; that the said Margaret Miller was not the daughter of Isaac Miller, possibly not related to him; and so far as the record discloses, the grantor had no interest or purpose in making said deed except to convey the title which had been purchased from him. Appellant, John D. Miller, was married to grantee, Margaret Miller, prior to 1871, when said deed was executed, and they occupied said land as a homestead from the date of the deed until her death in 1914, and he still so occupies same. Children were born alive to them, one of whom survives.

Counsel for appellees bases his argument, that the lower court's decision is correct, solely upon the authority of Hall v. Wright, 121 Ky., 16, and we assume that the lower court was controlled in its finding by the same authority. In the Hall v. Wright case the deed was a conveyance from a father to his son in which the apparent intention of the father was to convey not only to his son, but to his son's children as well. The caption in that deed is as follows, to-wit:

"This March 21 day, 1885: This indenture made and entered into between Eli Hall and Polly Hall of the first part and Joseph Hall *and his children* of the second part, both parties of the county of Letcher and State of Kentucky." It will be seen that the children are made parties to the deed, and the habendum clause *conveys* the land to "said Joseph Hall and his children forever."

In the present case the transaction is between strangers for a money consideration, and no one is made a party to the deed as grantee except said Margaret Miller. Her children are not mentioned except that the word is used in the habendum clause, which is as follows:

"We of the 2 part relinquish all rite and title with all the appertinances thareunto belonging to said tract of land and we warrant the title of said land against the claims of any other persons to the use of the party of the second part and her children forever."

It will be noticed that this clause and the granting clause are somewhat similar to the like clauses in the

Hall case, but, in construing a deed, the intention of the parties as it appears from the whole instrument, the attending circumstances and the relation of the parties, will prevail over technical or popular meaning of inconsistent words. In the Hall case the court said:

"In construing a deed the intention of the parties as it appears from the whole deed must control. If the intention appears, technical rules of construction cannot be applied if they lead to a different result."

And again in the same case the court said:

"It is evident from the whole deed that it was the intention that the children of Joseph Hall should take an interest in the land conveyed."

And it was upon that view of the deed as a whole, and not upon the technical or popular meaning of the words used, that the court construed it. In the present case there is nothing in the deed, the circumstances connected with it, or the relations of the parties one to another to indicate that it was the intention of the parties to include the children of the grantee is the conveyance. On the other hand, the misspelled words, lack of punctuation, and the use of "we of the 2 part, etc.," when "the parties of the first part" is meant, clearly indicate that the person who drew this deed possessed but limited education, and was without knowledge, or careless, of the exact meaning and effect of the language employed, while both grantors were illiterate, since they both sign the deed by mark. It certainly seems improbable that these parties purposely used the word "children" instead of "heirs," or knew of any difference in the effect upon the deed.

Section 2342 of the Kentucky Statutes is as follows:

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

There is nothing in this deed which shows by express words or necessary inference that the grantor had any purpose other than to convey the land to the grantee, so unless we disregard this statute we must hold that a fee was created by the deed.

As this court said in the case of Harkness v. Lisle, 132 Ky., 776, there are three lines of cases in this State construing the effect of the words "children," "bodily heirs," etc., when used in wills and deeds, as follows:

"One class of cases is to the effect that the parent takes a joint estate in fee simple with his children then born or thereafter to be born. * * * Another class of cases is to the effect that the parent takes merely a life estate with remainder to his children. * * * Then there is another class of cases where the word 'children' is used in the sense of 'heirs.' This construction is adopted only in those cases where, upon consideration of the whole will, it is evident that the words were used as words of limitation and not of purchase."

Authorities are there cited which fully explain the reasons for these distinctions.

The language used, together with the circumstances surrounding the execution of the deed in the Hall case, correctly placed that deed within the second of these classes, while taking the deed as a whole in the present case, together with the circumstances connected therewith, puts this case in the third class, and it is evident the word "children" in this deed is used as synonymous with the word "heirs," and is a word of limitation and not of purchase.

We, therefore, conclude that the grantee, Margaret Miller, took a fee simple title to the land described in the deed, and that the lower court erred in adjudging to her a life estate.

It follows that the general demurrer to the answer, etc., of appellant, John D. Miller, asserting homestead and curtesy should have been overruled, and his claim allowed.

The judgment of the lower court is reversed for proceedings consistent with this opinion.