## Wilkerson v. Young.

Jan. 14, 1941.

Clay. & Clay for appellant.

Henson & Taylor for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Hallie Wilkerson, a resident of Henderson County, Kentucky, died intestate the owner of certain real estate, leaving surviving her her husband, W. W. Wilkerson and six children, three of whom had attained the age of 21 years at the time of the transactions herein

involved, and the other three are minors. It is admitted that the deceased's property descended to her six children, subject, however, to the curtesy of her husband, W. W. Wilkerson, the appellant in this action.

On July 30, 1936, W. W. Wilkerson and the three adult children, G. K. Wilkerson, Virginia Wilkerson, and Goldie Wilkerson Thurman and the latter's husband, Allen Thurman, as joint grantors, executed a deed to Lorene C. Lett conveying certain parcels of real estate including the one in controversy in this action. The deed recites a consideration of $1 and other good and valuable considerations in hand paid and is the usual form of deeds conveying the fee simple title, except there appears the following clause which furnishes the subject of this action:

> "There is reserved by and conveyed to Walter W. Wilkerson all the coal, oil and mineral rights underlying the first two tracts hereinabove described, containing 26½ acres and 25 acres, respectively together with the right to use of one acre for shaft purposes to be located at the forks of the road leading from Zion-Hebbardsville road to the Spottsville Road, which has been improved and the unimproved road also leading to Spottsville but second party shall have the right to remove the timber therefrom and to the use of said one acre until the right to sink shaft shall have been exercised."

Sometime in the fall of 1938, the exact date not being shown, the appellee, Edgar M. Young, obtained an option contract from Goldie Wilkerson Thurman and her husband for the purchase of one-half royalty of the estate of Hallie Wilkerson, deceased, referred to above. On October 29, 1938, a deed was prepared naming W. W. Wilkerson, Goldie Wilkerson Thurman and her husband, Allen Thurman, G. K. Wilkerson and Virginia Wilkerson as grantors and appellee as grantee, purporting to convey to appellee an undivided one-half interest in an undivided three-sixths of the oil and gas underlying the 26½ acre tract. It appears that Goldie Thurman and her husband were not present when the deed was prepared and when it was presented to them Goldie Thurman refused to sign the same. Appellee and the notary public who accompanied him returned to the office where the deed was prepared and appellee agreed to

give appellant, W. W. Wilkerson, $375 for the interest described in the deed without the signatures of Goldie Thurman and her husband and thereupon the names of the latter two were eliminated and W. W. Wilkerson, G. K. Wilkerson, and Virginia Wilkerson signed and acknowledged the deed and appellee gave appellant his check for $375 and the deed was delivered to appellee.

In the meantime, however, appellee again sought to obtain the signature of Goldie Thurman and her husband to the deed, and offered to pay her $125 for her interest, or supposed interest described in the deed, and she agreed to sign the deed and appellee thereupon gave her his check for $125 which she cashed and used but still refused to sign the deed, assigning no reason therefor except that she "didn't want to." Appellee then stopped payment of the $375 check he had given to appellant. Appellant then brought this action, seeking a cancellation of the deed because payment of the check given him by appellee in consideration of the conveyance had been stopped.

Appellee filed his answer and cross-petition making Goldie Thurman a party to the actions seeking to recover of her the sum of $125 he paid her to sign the deed which she later refused to do. In answer to appellant's petition, appellee sought to justify his action in stopping payment of the check for $375 he gave appellant, alleging that it was the contract and understanding that appellant and his three adult children, including Goldie Thurman and her husband, would join as grantors in the deed in order to convey to him, appellee, full and complete title to the interests described in the deed and, since Goldie Thurman refused to sign the deed, the other grantors who joined therein were unable to convey to him the character of title contracted for. Appellant replied alleging, among other things, that it was unnecessary for Goldie Thurman or his other two adult children to join in the deed with him to convey the entire interests described in the deed, since he, appellant, was the owner of the entire interests described in the deed by virtue of the clause quoted above contained in the deed from him and his three adult children to Lorene C. Lett.

Goldie Thurman made no defense to the cross-petition against her, and judgment was rendered thereon in

favor of appellee together with a lien on her interest or supposed interest in the land to secure the payment of the judgment. There is no appeal from that part of the judgment . Issue joined as between the appellant and appellee on the question of whether appellant was the sole owner of the oil and gas rights reserved in the Lett deed, being the same described and conveyed in the deed to appellee.

By agreement of the parties oral evidence was heard in open court on the trial of the action, the substance of which is before us in narrative form. Appellant testified that he entered into an agreement with appellee to sell and convey to him one-half interest in an undivided three-sixths of the oil and gas underlying the property described in the petition for the sum of $375, which agreement was consummated by the deed signed and delivered on October 29, 1938; that appellee insisted that appellant's three adult children named above should also sign the deed and to this appellant made no objections, but with the understanding that he was to receive $375 for his one-half of the undivided three-sixths interest in the gas and oil under the land. He admitted that Goldie Thurman and her husband refused to sign the deed and it was agreed that their names should be eliminated therefrom and the deed was signed and acknowledged by appellant and Gilbert Wilkerson and May Wilkerson and appellee then delivered to appellant his check for $375 and he, appellant, delivered the deed to appellee.

Appellee testified that he agreed to give appellant $375 for an undivided one-half of an undivided three-sixths interest in the oil, etc., underlying the tract of land described in the deed; that after he had the deed recorded on October 31, 1938, he was advised that Goldie Thurman and her husband were necessary parties to the deed and that their interest in the oil and gas did not pass to appellant by the deed to Lorene C. Lett dated July 30, 1936, and for that reason he stopped payment of the check he had given appellant. He further stated that he would not have given the check to appellant except for the statement of Mr. A. Y. Clay, the attorney who prepared the deed, that the three adult children of appellant had conveyed to him their interest in the coal, oil and gas by the Lett deed; that he had always been and is now willing to pay the $375 if Goldie Thurman

and her husband would make him a good deed for their one-sixth interest.

The case was submitted upon the pleadings and evidence indicated, and the court adjudged that appellant did not own any interest attempted to be conveyed except his curtesy, and did not become invested with any title to the interest of his deceased wife's three adult children by virtue of the deed executed to Lorene C. Lett, and that the reservation contained in that deed was for the joint benefit of all the grantors therein named, and further adjudged that Goldie Thurman owns an undivided one-sixth interest of the coal and mineral rights underlying the tract of land in question, subject to the curtesy of appellant, and that the deed executed and delivered to appellee did not convey to him a good and sufficient title to the mineral rights described therein, and that the deed be cancelled and held for naught. Appellant has appealed from the judgment, except insofar as it sets aside the deed from appellant to appellee.

Appellant contends that the language used in the reservation clause in the Lett deed, namely, "There is reserved by and conveyed to Walter W. Wilkerson all the coal, oil and mineral rights, etc.," was intended to and did reserve appellant's curtesy in the minerals and conveyed to him the entire interests of his cograntors, three adult children. Appellee contends that the language used is not susceptible of the construction placed on it by appellant and that the reservation was for the benefit of the children.

It may be conceded that more apt and concise language might have been employed in the clause in question in the Lett deed. For a solution of the problem we must look to the facts and circumstances. At the time of the execution of that deed, appellant owned no interest in the land which he could either reserve or convey except his curtesy.

It is clearly stated that the mineral rights were conveyed to appellant, and since appellant could not *convey* to himself, but only *reserve* the interest he owned, evidently the words "conveyed to Walter W. Wilkerson * * * *" mean that his cograntors in the Lett deed intended to become appellant's grantors in the same instrument for the purpose of conveying to him their interest in the mineral rights. If it had been the intention

of the children grantors to *reserve* tne minerals to themselves, we see no necessity or reason for the language quoted above.

Appellee insists, however, that all the essentials necessary to the validity of a deed are absent as between appellant and his children, cograntors in the Lett deed, in that there is neither granting clause nor habendum except that to Lett, the grantee named in that deed, and that there is no consideration, expressed or implied, except that recited to have been paid by Lorene C. Lett.

While it is true that there is no formal granting clause nor habendum specifically expressed in the Lett deed as between appellant and his children for the conveyance of the minerals, yet since it is the rule that intention of the parties and substance, rather than form, is the controlling element in the construction of deeds, and other instruments, we do not think it is material that the deed fails to contain those specific or formal expressions so long as the intention of the parties may be ascertained, which, as we have already stated, is reasonably clear.

We also find ourselves unable to agree with appellee that there was no consideration for the conveyance by appellant's children of their mineral rights to appellant. It must be remembered that appellant owned a curtesy interest in the land conveyed to Lorene C. Lett and, to enable his children to sell the land it was necessary for him to join in the deed with his children, thereby relinquishing his curtesy. We think that this sacrifice by appellant in relinquishing his curtesy to enable his children to sell the land was sufficient consideration for the conveyance by the children to him of their interests in the minerals.

It is our conclusion, therefore, that by the clause under consideration and quoted in the deed from appellant and his children to Lorene C. Lett, appellant became invested with sole and fee simple title to the minerals described therein, and it was, therefore, unnecessary for Goldie Thurman or any of appellant's adult children named in the deed to join with him in the conveyance of the mineral rights to appellee.

It follows, therefore, that so much of the judgment appealed from must be and is reversed and remanded for proceedings consistent with this opinion.