## Forrest et al. v. Jones et al.

January 10, 1950.

H. R. Wilhoit for appellants.
Theobald and Theobald for appellees.

JUDGE CAMMACK—Affirming.

There is involved in this case the character of estate taken by Cobie H. Jones, deceased, under a deed executed to her in 1886 by her mother-in-law, Elizabeth A. Jones. The provisions of the deed, aside from the description of the property, follow:

"Know all men that I Elizabeth A. Jones of the County of Carter and State of Kentucky, for and in consideration of the natural love and affection which I have for my daughter in law Cobie H. Jones wife of my son James D. Jones, have this day given, granted and do hereby give grant and convey to the said Cobie H. Jones the following described piece and parcel of land situated in Carter County and near the town of Grayson and bounded as follows: * * *

"To have and to hold unto the said Cobie H. Jones and the children of James D. Jones, the title said described tract of land together with it appurtenances thereon for ever. I the said grantor Elizabeth A. Jones do retain possession and controls of said land so long

as I live, but at my death the grantee herein Cobie H. Jones shall be vested with complete title to said land in the meantime she the grantee may build upon and improve said Lot of land.''

The appeal is from a judgment denying the contention of the appellants, certain grandchildren of Cobie H. Jones, to the effect that she took only a life estate in the property, with the remainder in fee to the children of James D. Jones. It was shown conclusively that no one questioned Cobie H. Jones' title to the property, even when she sold parts of it, until this action was filed in 1947, seven years after her death.

In many cases this Court has pointed out that in construing a deed the instrument will be looked at from its four corners in order to ascertain the intention of the parties. Technical rules of construction will not be applied if they lead to a result different from the intent shown in the instrument. Miller v. Campbell, 167 Ky. 252, 180 S. W. 372, and cases cited therein. It seems clear to us that Mrs. Elizabeth Jones intended to give to her daughter-in-law, Cobie H. Jones, a fee simple interest in the property, subject to her own life estate. This intent is expressed in both the granting and the habendum clauses. It is true that reference was made to the children of James D. Jones, but we believe that other express wordings in the deed as to the giving of complete title to the property to Cobie H. Jones must prevail. As pointed out in the case of Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. 2d 107, and cases cited therein, conveyances of real estate will be construed as transferring the absolute title rather than a lesser one where the language employed is susceptible to two constructions.

Judgment affirmed.