[Civ. No. 8785.   Third Dist.   Oct. 18, 1956.]

WALTER G. BRIX, INC. (a Corporation), Appellant, v. KENNETH S. BROWN et al., Respondents.

Hill & Hill for Appellant.

Blaine McGowan for Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a decision denying plaintiff injunctive relief or damages.

Plaintiff claimed to have acquired by grant exclusive rights of way for lumbering purposes over a route through two separately owned, but contiguous, parcels of real property. Plaintiff learned that the existing roadway traversing these separate pieces of property was being used by defendants' logging trucks and equipment as a means of access to a logging operation defendants were conducting. Defendants had constructed a branch road from their operation to the road over which plaintiff claimed it had the exclusive right of way. Defendants, as an affirmative defense, alleged that the road which plaintiff claimed exclusively had been in general use for over forty years as a public highway. The trial court found in accordance with this affirmative defense and denied plaintiff any relief.

On this appeal appellant urges that the evidence is insufficient as a matter of law to sustain the finding that the roadway was dedicated to a public use; that the judgment is contrary to law in that the trial court did not limit the nature and use of the road to those acquired by public use.

A long acquiescence by a landowner in public use will operate as a dedication of a road to such use. (*Taft* v. *Tarpey*, 125 Cal. 376, 381 [58 P. 24] ; *Schwerdtle* v. *County of Placer*, 108 Cal. 589 [41 P. 448].) Furthermore, there is a general presumption that a use by other than the owner is adverse and not permissive, and that, while this presumption is not as strong when the land is open and uncultivated and remote as it is when it is enclosed, cultivated and developed, the presumption exists in either case. (*People* v. *Sayig*, 101 Cal.App.2d 890 at 897 [226 P.2d 702].) In the case of *Venice* v. *Short Line Beach Land Co.*, 180 Cal. 447 [181 P. 658], a summary of the various principles applicable to the law of implied dedication is presented. At page 450 it is stated:

"In order to constitute such dedication, or such abandonment, by the owner, his intention to that effect must appear. Such intent need not be manifested by any contract, writing, or express declaration of the owner. It may be implied from his conduct. 'If the donor's acts are such as to indicate an intention to appropriate the land to the public use, then, upon acceptance by the public, the dedication be-

---

*Assigned by Chairman of Judicial Council.

comes complete.' (*People* v. *Marin County*, 103 Cal. [223] at 228 [26 L.R.A. 659, 37 P.2d 203].) In that case it is said that in the case of an express dedication by words or acts, 'the intention to appropriate the land to public use is manifested by some outward act of the owner manifesting his purpose,' but that an implied dedication may be proved 'by acts or conduct not directly manifesting the intention, but from which the law will imply the intent.' As stated in *Helm* v. *McClure*, 107 Cal. [199] 204 [40 P. 437], the question 'whether a dedication of land for highway purposes has occurred in any instance is a conclusion of fact to be drawn from the circumstances of the particular case; that such circumstances must clearly show an unequivocal intention, manifested by appropriate words or conduct, or both, on the part of the owner, to devote his land to the wayfaring uses of that somewhat vague entity called "the public." ' "

The case of *Union Transportation Co.* v. *Sacramento County*, 42 Cal.2d 235 [267 P.2d 10], contains a full and able discussion of the law applicable to implied dedication and adverse user. What is there said is determinative of the question here presented.

The record before us in this case is adequate to show a continued use of the road for over forty years along substantially the identical route which it now follows; that this use was not denied to anyone; and that improvements on the road were made by others than the owners of the abutting property; furthermore, that one portion of the road had been used by county road equipment in reaching a gravel pit. We feel that this is certainly sufficient basis for the trial court to find, as it did, in favor of the road here being a public road.

Admittedly, there is evidence to controvert the idea of dedication by public use. There was evidence that gates had been maintained along the road for many years, that "No Trespassing" signs were posted and that the road was a cul-de-sac. All of these evidentiary matters merely raised conflicts in the evidence which were resolved by the trial court against appellant. In many of the cases cited by appellant for the proposition that these showings should upset the judgment in the court below, the language quoted is from cases wherein the reviewing courts upheld findings of trial courts that by reason of the existence of gates, signs, and cul-de-sacs no dedication had resulted from user. It is also

contended that even if a dedication can be found, the evidence shows that the use that the defendants had made of this road had exceeded the public use, since defendants used logging trucks on the road and widened the road to make it possible for the larger vehicles to operate. Inasmuch as this point was not in issue in the trial below, and inasmuch as the court has found that there was a dedication to be implied from the evidence here set forth, it would seem that the appellant is not in a position to object to the widening of the road by defendants since appellant's entire cause of action below was based upon the proposition that it held an exclusive right of way to that road. Furthermore, the evidence as to widening shows a somewhat insubstantial change of route and cannot be said to be a substantial change of the easement owned by the public. (See *Ward* v. *City of Monrovia,* 16 Cal.2d 815, at 821 [108 P.2d 425].) And as to the right to make repairs where there is an easement, see the same case at pages 821 and 822.

Appellant's contention that an injunction should have been granted even though the court found that no damages were proven, is not well taken, since if appellant did not have an exclusive easement it would not be entitled to an injunction, and the court's finding that this road was a public road precluded any such relief.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.