Garrett **TOWNSEND** et al., Appellants,

v.

Dorsie **CABLE**, Appellee.

Court of Appeals of Kentucky.

May 8, 1964.

Rose & Short, Beattyville, for appellants.

Shumate & Shumate, Irvine, for appellee.

A. MURRAY BEARD, Special Commissioner.

In this action both the appellants and the appellee are seeking to quiet title to their respective alleged ownership of a one-half interest of the oil and gas underlying a tract of land, the surface of which, together with the other one-half interest in the oil and gas is owned by the appellee Dorsie Cable. The parties are claiming through a common source of title, the facts are admitted, no proof was taken, and the trial court decided in favor of the appellee on his motion for a summary judgment. This appeal is from that judgment.

Appellee acquired title to the tract of land with no reservation as to mineral

rights, from Crit Cable and wife by deed dated February 2, 1945. Crit Cable had acquired title from Fielden Townsend and wife by deed dated January 24, 1916. In this deed, in a separate paragraph following the description of the land conveyed, there is contained a "reservation" which is the basis of this lawsuit. It is as follows:

"There is reserved out of the foregoing tract of land for the use and benefit soly (sic) of Jesse Townsend one half interest of all the oil and gas to dispose of at his will."

Jesse Townsend's name does not appear in any of the other clauses of the deed, thus showing him to be a complete stranger to it.

According to the pleadings, the interest acquired by Jesse Townsend by virtue of the foregoing reservation was recognized, and oil royalties were paid him by the purchasing pipeline company until he sold his interest by deed from him and his wife to R. R. Adams dated April 4, 1923. R. R. Adams, in turn, by deed dated May 4, 1925, conveyed the interest to Crit Cable, owner of the surface, and the other one half interest in the oil and gas. Crit Cable conveyed the property to appellee as aforesaid.

The record does not show whether royalties were paid to R. R. Adams or to Crit Cable from the disputed one-half interest, but it does show that at the time of the filing of this action, Crit Cable and Fielden Townsend, predecessors in title to the present claimants, were both deceased. The respective dates of death, however, are not given. It further shows that sometime subsequent to the decease of Fielden Townsend, the appellants, who are the heirs of Fielden Townsend, leased the disputed interest to Ashland Oil and Transportation Company and have been receiving royalty payments from it.

The basis of the claim of appellants to the disputed interest is the long recognized rule that "words of exception or reservation are not words of grant and are ineffective to convey a right or interest to a stranger to a deed". They contend that under the rule no title to the interest passed to Jesse Townsend, but remained in Fielden Townsend as a reservation to himself, and since he died intestate, his heirs, the appellants, inherited it. Many Kentucky cases supporting the rule are cited in appellants' brief. See also the exhaustive annotation on the subject in 88 A.L.R. 2d 1199.

The appellee contends he is the owner of the interest in one of three ways, but it seems obvious his title is good only if some estate was created in Jesse Townsend by the deed of January 24, 1916 from Fielden Townsend to Crit Cable. While the judgment of the trial court did not state which of the contentions of the appellee was being sustained, apparently the decision was based upon the reasoning set forth in Combs v. Hounshell, Ky., 347 S.W.2d 550.

The appellants argue that the trial court, in rendering judgment for the appellee, did so through a misunderstanding of dictum appearing in the concluding paragraphs of that opinion. It is true that the Hounshell case may be distinguished from the present one in that it was held that an actual conveyance of a remainder interest was made and the question of a "reservation" or "exception" was not presented for decision.

This Court, however, in the opinion (even if it was dictum as contended by appellants) traced the ancient and archaic rule of "reservations" and "exceptions" from its feudal origin down to date, and concluded with these words (page 555 of 347 S.W.2d):

"So in conclusion we must concede that the distinction between a 'conveyance' to a third party and a 'reservation' in his favor is tenuous and artificial and has long outlived the reason for its existence in the first place. * * * In a future case involving what is intended to be a conveyance over of some interest such as an ease-

ment, or even a life estate, but is inartfully couched in terms of reservation or exception in favor of the third party, it may be proper that we consider abolition of the distinction, * * *."

That future case is now before the Court and the question of upholding or abolishing the rule is presented for decision.

We have no hesitancy in abandoning this archaic and technical rule. It is entirely inconsistent with the basic principle followed in the construction of deeds, which is to determine the intention of the grantor as gathered from the four corners of the instrument. Forrest v. Jones, 311 Ky. 830, 226 S.W.2d 10; Gabbard v. Short, Ky., 351 S.W.2d 510. Technicalities should be disregarded where the intention is clear. Long v. Madison Coal Corporation, 125 F.Supp. 937. Substance rather than form controls. Wilkerson v. Young, 285 Ky. 94, 147 S.E.2d 53.

The ultimate question is whether a deed provision in favor of a stranger, which clearly shows an intention to create in him an interest or right in land, may take effect according to its terms even though the deed expresses the intention in the form of a reservation rather than a grant or conveyance. Obviously the grantor did not use the term "reserved" as having some technical legal significance which would defeat the very purpose of the provision. In the deed before us Jesse Townsend acquired title to the one half interest the grantor clearly intended to vest in him. The trial court correctly decided this issue in entering a judgment for appellee.

Cases inconsistent with this opinion are expressly overruled.

It is recommended the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.

PALMORE, Judge (dissenting).

When a rule of property is abandoned, I believe that past transactions entered into in reliance upon it should be excluded from the effect of the opinion, as in the cases of Payne v. City of Covington, 276 Ky. 380, 123 S.W.2d 1045, 122 A.L.R. 321 (1938), and Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1 (1948). Though such an opinion may theoretically constitute nothing more than dictum, nevertheless it has the useful effect of providing guidance for future transactions without and ex post facto divestiture of rights heretofore considered to have been settled.

In this particular case I am concerned not so much for the Fielden Townsend heirs, who claim a windfall by virtue of an absurd legal technicality that at long last is being recognized as such, but for their lessee, which has invested its money in reliance on past assurances by the court that this technicality was indeed the law. It seems to me that the administration of justice ought always to be recognized as an intensely practical matter, not a wonderland of witchcraft and magic words. If there be those who would say a prospective opinion smacks of "legislation," what other and more euphemistic term might be chosen to describe the manner in which the whole body of the common law has developed? It is just a matter of semantics. But no matter what label we put on it, when a court decides it can no longer live with a principle on which it knows innocent parties have relied in the investment of their money, practical justice requires their protection. This can be accomplished only if the court, recognizing that although technically its decision in one case is not the law in another it customarily will be relied upon as if it were, is willing to subject its common law jurisprudence to the spirit of Const. § 19.