John **KATKISH, et al.,** Appellants,

v.

Lorraine **PEARCE, et al.,** Appellees.

No. 84–144.

District of Columbia Court of Appeals,
Argued Oct. 30, 1984.
Decided April 8, 1985.

with intent to assault.

Alexander W. Whitaker, Washington, D.C., with whom Kyle A. Kane, Washington, D.C., was on brief, for appellants.

Marvin L. Szymkowicz, Washington, D.C., with whom Allan I. Mendelsohn, Washington, D.C., was on brief, for appellees.

Before NEWMAN, BELSON and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

Katkish contends that the trial court erred when it granted Pearce's motion for partial summary judgment on the issue of whether there was an easement on Katkish's property in favor of Pearce. We affirm.

The facts in this case are as follows. The houses located at 1208 and 1210 30th Street, N.W. are owned by Katkish and Pearce respectively. These buildings are attached at the upper levels with a walkway between the buildings at the ground level. The question of who can use this walkway is the contested issue in this litigation.

The two buildings in question had been commonly owned by family members until 1913 when the Katkish property was conveyed to an outsider. The deed contained the following language:

> but said premises are subject to a right of way through a 31¾ inches alley in the north side, for the benefit of the owners or tenants of the dwelling house No. 1210 adjoining the north side of said premises, in common with the owners or tenants of said house No. 1208, but only so long as said house No. 1210 stands as it is.

Pearce purchased her property in 1981 when the Katkish property was owned by Peabody *et. ux.* Pearce continued to have free use of the walkway as had her predecessors. In 1982 Peabody asked Pearce to temporarily surrender the key to the walkway gate so that he could sell his property more easily. Pearce still had free access to the walkways whenever needed. After Katkish purchased the house from Peabody in September 1982, he set up elaborate barriers and denied Pearce access to the walkway unless she would sign a waiver which stated that Pearce acknowledged that she had no legal rights to use the walkway.

On April 27, 1983, Pearce filed a complaint in the Superior Court seeking monetary damages and the return of her right to use the walkway. Pearce filed a motion for partial summary judgment on July 27, 1983 on the easement issue relying on the 1913 deed. The trial court ruled that the intent of the parties in the 1913 deed was

to create an easement in favor of Pearce. This was based on three factors. First, the 1913 deed is very specific in describing the easement and its beneficiaries. Second, the boundaries of the easement are clearly defined and easily found on the property. Third, the walkway had been used by Pearce and her predecessors for over 180 years. *Pearce v. Katkish,* 112 Wash.D.L. Rptr. 433, 436 (March 5, 1984).

Katkish argues that the words "subject to" are words of qualification and thus are insufficient to create an easement. For support he points us to *Procacci v. Zacco,* 324 So.2d 180 (Fla.Dist.Ct.App.1976). The trial judge found that *Procacci* was distinguishable.

■ There are no particular words of art necessary to create an easement by express grant. 3 *Powell on Real Property* ¶ 407 (1984). Therefore, we must determine the meaning of the deed by looking at its plain language and the surrounding circumstances. *See* 26 C.J.S. *Deeds* § 86 (1956). Looking at the language and the circumstances, we agree with the trial judge that the important factors are: (1) the specificity of the intent of the deed to create an easement for the benefit of the Pearce property; (2) the boundaries of the easement were spelled out in detail and easily found, and (3) the actions of the parties in interest prior to and subsequent to the conveyance. We agree that the 1913 deed created an easement in favor of the Pearce property. *See Jakobson v. Chestnut Hill,* 106 Misc.2d 918, 436 N.Y.S.2d 806 (1981).

■ We also reject the argument that a grantor cannot, by one and the same conveyance, grant a fee simple estate to one party while reserving an easement to a third person. *See Baltic Investment Co. v. Perkins,* 154 U.S.App.D.C. 380, 475 F.2d 964 (1973). We adopt what we believe to be the more enlightened view that "by a single instrument of conveyance, there may

be created an estate in land in one person and an easement in another." *Restatement of Property* § 472 comment b (1944). *See also Willard v. First Church of Christ, Scientist,* 7 Cal.3d 473, 476, 498 P.2d 987, 989, 102 Cal.Rptr. 739, 741 (1972) (rejecting the old rule as "clearly an inapposite feudal shackle"); *Townsend v. Cable,* 378 S.W.2d 806, 808 (Ky.1964) ("We have no hesitancy in abandoning this archaic and technical rule. It is entirely inconsistent with the basic principle followed in the construction of deeds, which is to determine the intention of the grantor."); and *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960, 961 (1970) (rejecting the old rule as being "narrow and highly technical").*

*Affirmed.*

---

*Nader v. de Toledano,* 408 A.2d 31 (D.C.1979); Super.Ct.Civ.R. 12–I(k), 56(c).

---

* We find no merit to Katkish's contention that there were material facts still in dispute. *See*