Dean E. STETSON, Administrator with Will Annexed in the Matter of the Estate of Charles M. Kistler, deceased, Beth Scott Bryngelson, Executrix of the Estate of A. E. Bryngelson, deceased; A. M. Fruh Company, Inc. a Domestic Corporation, and Thomas W. Leach, Plaintiffs and Respondents,

v.

Norman M. NELSON, Frank F. Jestrab and Arley R. Bejella, Defendants,

Norman M. Nelson, Defendant and Appellant.

No. 7919.

Supreme Court of North Dakota.

Dec. 11, 1962.

Walter O. Burk, Williston (Cox, Pearce & Engebretson, Bismarck, on brief), for appellant.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, for respondents.

SATHRE, Chief Justice.

This is an appeal by the defendant Norman M. Nelson from a judgment of the district court of Williams County, and from the whole thereof, defendant demanding a trial de novo. The action is in the nature of a statutory action to quiet title to certain property situated in Williams County, North Dakota, which property is more particularly described as follows:

Lot One (1), Southeast Quarter of Northeast Quarter (SE¼ NE¼) and East Half of Southeast Quarter (E½ SE¼) of Section Three (3); South Half of Southwest Quarter (S½ SW¼) and Northwest Quarter of Southwest Quarter (NW¼ SW¼) of Section Two (2); and West Half of Northwest Quarter (W½ NW¼) of Section Eleven (11), all in Township One Hundred Fifty-five (155) North of Range Ninety-six (96) West.

The record discloses a series of transfer of various interests in this real estate which it is not necessary for us to set forth in detail. There is no issue in this lawsuit as to ownership of the surface. Neither is there any question as to ownership of forty per cent of the oil, gas and minerals reserved by the Federal Land Bank. The issue for us to determine is the effect of an attempted reservation of a portion of the oil, gas and minerals in a warranty deed to this property given by Charles M. Kistler and wife to Henry I. Iverson, of Tioga, North Dakota, which warranty deed is dated April 6, 1945, and filed for record November 15, 1948. This reservation is in the following language:

"Excepting and reserving to said L. G. Marcus, one of the parties of the first part, a four-fifths (⅘) interest of all right and title in and to any and all oil, gas, and other minerals in or under said land, with such easement for ingress, egress, and use of surface as may be incidental or necessary to such rights. The foregoing exception and reservation and resulting remainder of mineral rights to be included in sale shall each and all be with reference only to such mineral rights owned by said party of the first part as disclosed by the

public records. It is understood that said reservation is with respect to rents and royalties which were not reserved to Federal Land Bank of St. Paul under and pursuant to the terms and provisions of that certain special warranty deed, dated June 29, 1938, filed in the office of the Register of Deeds in the County of Williams, State of North Dakota, and recorded in Book 81 of Deeds, page 524."

L. G. Marcus, the person in whose name the reservation is taken, was not a party of the first part, as indicated, but was a stranger to the instrument.

Thereafter, on April 13, 1945, L. G. Marcus and his wife, quitclaimed the said premises to Charles M. Kistler, with the following reservation:

"Excepting and reserving to said L. G. Marcus, one of the parties of the first part, a one-fifth (1/5) interest of all right and title to and in any and all oil, gas, and other minerals in or under said land, with such easement for ingress, egress, and use of surface as may be incidental or necessary to such rights. The foregoing exception and reservation and resulting remainder of mineral rights to be included in sale shall each and all be with reference only to such mineral rights owned by said party of the first part as disclosed by the public records. It is understood that said reservation is with respect to rents and royalties which were not reserved to Federal Land Bank of St. Paul under and pursuant to the terms and provisions of that certain special warranty deed, dated June 29, 1938, filed in the office of the Register of Deeds in the County of Williams, State of North Dakota, and recorded in Book 81 of Deeds, page 524."

Iverson, the grantee of the warranty deed from Kistler, dated April 6, 1945, thereafter on May 11, 1948, deeded the said real estate to the defendant Norman M. Nelson, such deed containing the same identical reservation which had appeared in the deed from Kistler to Iverson.

The question on this appeal centers around the effect of the exception and reservation to L. G. Marcus found in the deed from Kistler to Iverson, which identical reservation thereafter appears in the deed from Iverson to Norman M. Nelson.

Did such reserved interests vest in Marcus, a stranger to the deed? If they did not, then the further question confronts us as to whether these interests which were attempted to be reserved in the name of Marcus passed to the grantee in the deed, or whether they remain in the grantor.

It is the contention of the defendant Norman M. Nelson that the attempted reservation to L. G. Marcus in the deed from Kistler to Iverson was wholly invalid and inoperative since Marcus was a stranger to the instrument, and that therefore such interests which Kistler attempted to reserve to Marcus actually passed to Iverson under the deed, and that Nelson, as the grantee of Iverson, became vested with such interests by reason of his deed from Iverson, in which deed the similar reservation to Marcus appears.

▮ It is generally held that a reservation, to be valid, must be to the grantor or, where there is more than one grantor, it must be to one of them. The general rule is stated in 26 C.J.S. Deeds § 138, page 1002, where we read:

"A reservation, as such, must be to the grantor, or, in [the] case of several grantors, to some or one of them; it cannot be made to a stranger to the deed."

And in 58 C.J.S. Mines and Minerals § 155, page 317, we read:

"*Effect as to stranger.* A reservation of mineral rights cannot be availed of by a person who is not a party to the conveyance, nor can the mineral rights of such a person be divested thereby. A reservation or exception in

favor of a stranger to the conveyance conveys no title to such stranger."

■ In the case of Beardslee v. New Berlin Light & Power Co., 207 N.Y. 34, 100 N.E. 434, Ann.Cas.1914B, 1287, the question was whether a reservation or exception in favor of a stranger to the conveyance was good, and the court held that such reservation or exception was void and inoperative as to such stranger, citing Washburn on Real Property, § 2354; Devlin on Deeds, § 979; Pearson v. Hartman, 100 Pa. 84; Fowler's Real Property, 2nd, page 186.

When Charles M. Kistler and his wife, on April 6, 1945, by warranty deed conveyed the surface of this property to Henry I. Iverson, they attempted to reserve a four-fifths interest in the minerals to L. G. Marcus, "one of the parties of the first part." But Marcus was a stranger to the deed, and under the rule quoted above the reservation attempted to be made by Kistler in favor of Marcus was void and unenforceable, and conveyed no interest to him as such stranger.

Having determined that the attempted reservation or exception to L. G. Marcus, who was a stranger to the instrument, was inoperative and of no effect, we next must determine who holds the interest which the grantor attempted to reserve to Marcus. Did those interests pass to the grantee under the deed from Kistler to Iverson, or do those interests remain in the grantor?

Here, the attempted reservation clearly shows that neither the grantor nor the grantee intended that the grantee should receive such interests. If we should hold that, under the law, they did pass to the grantee, because the attempted reservation was inoperative, then the grantee receives something which neither party intended he should receive and something for which he paid nothing since all parties assumed the interests were reserved.

■ Generally, a grantor who makes a reservation or exception to his grant, does not part with his full title to the grantee. Therefore, where such reservation is not effective, such interest remains in the grantor. As is said in 26 C.J.S. Deeds § 140(1), page 1009:

"Property which is excepted is not granted and does not pass to the grantee."

While a reservation and exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted interests in the land, such an exception is effectual to prevent the title to the excepted interests from passing to the grantee. 16 Am.Jur. Deeds § 300, p. 610.

■ In the case of Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471, the Mississippi court had before it a situation where the grantor made certain reservations to a non-existent person. Since the reservation was not to the grantor, the court held the reservation was void. It further held, however, that such reserved interest did not pass to the grantee but remained in the grantor.

Thus a reservation or exception purporting to be in favor of a stranger operates in favor of the grantor and prevents the title to the excepted or reserved property from passing to the grantee. Martin v. Cook, 102 Mich. 267, 60 N.W. 679; Joiner v. Sullivan (Tex.Civ.App.), 260 S.W.2d 439; Allen v. Hensen, 186 Ky. 201, 217 S.W. 120; Annotation in 39 A.L.R. 132.

Since the attempted reservation and exception which the parties tried to make in a stranger was void, and where it appears that both parties clearly intended to make a reservation and it was not the intention of the parties that such interests pass to the grantee, we hold that the reserved and excepted interests remained in the grantor and did not pass to the grantee.

The judgment of the district court is affirmed.

STRUTZ, MORRIS, BURKE and TEIGEN, JJ., concur.