Argued January 6, affirmed April 15, 1970

# GARZA ET UX, *Respondents, v.* GRAYSON ET UX, *Appellants.*

467 P. 2d 960

*Justin N. Reinhardt,* Portland, argued the cause and filed briefs for appellants.

*Richard H. Muller,* Portland, argued the cause for respondents. On the brief were Tamblyn, Muller & Marshall.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, HOLMAN and TONGUE, Justices.

O'CONNELL, J.

This is a declaratory judgment proceeding in which plaintiffs seek a declaration establishing the existence of an easement over defendants' land for the construction and maintenance of a service line serving plaintiff's adjoining land. The case was tried without a jury. Defendants appeal from a decree granting the relief sought by plaintiffs.

Bjorn Gadeholt was the owner of Lots 579 and 580 in Lake View Villas, a subdivision in Lake Oswego then in the process of development. Gadeholt's lots were not served by an existing sewer system. The city was in the process of providing a sewer system for the area.

On June 28, 1963, Gadeholt conveyed Lot 579 to plaintiffs. The deed made no mention of an easement.

On December 19, 1963, Gadeholt conveyed Lot 580, which adjoined Lot 579, to William Leer and wife, who are defendants' predecessors in title. The Leer deed contained the following reservation:

"RESERVING, however, an easement for public utility purposes over and across the northeasterly five feet of the above described property, con-

stituting a strip five feet in width laying adjacent to the northeast boundary of the above described tract and extending from Blue Heron Road to the most easterly corner of said tract."

Defendants make two principal contentions: (1) the Leer deed could not create an easement benefiting plaintiffs' land because an easement cannot be reserved in favor of a third person, and (2) the reservation of an easement "for public utility purposes over and across" grantees' land does not include an easement for a sewer line because it would not be "over and across" defendants' land but rather would be under and through it.

■ The rule adopted in most jurisdictions is that in a deed creating an estate in one person, the grantor cannot reserve an easement or other interest in a third person.[1] There is language in our own cases supporting this view.[2] This rule is derived from a narrow and highly technical interpretation of the meaning of the terms "reservation" and "exception" when employed in a deed.[3] It is said that a person other than the grantor "has no interest in the land to be excepted from the grant, and likewise none from which a reservation can be carved out."[4]

[1] The cases are collected in Annotation: Reservation or exception in deed in favor of stranger, 88 ALR2d 1199 (1963).

[2] Butcher v. Flagg, 185 Or 471, 483, 203 P2d 651 (1949); Van Natta v. Nys and Erickson, 203 Or 204, 217, 278 P2d 163, 279 P2d 657 (1955).

[3] "Theoretically, an 'exception' exists when some part of the ownership of the grantor is never parted with; while a 'reservation' is the term applicable when the instrument transfers all the grantor had but recreates in the grantor some specified interest with respect to land transferred." 6 Powell on Real Property § 892, pp. 224-225 (1968).

[4] 88 ALR2d 1199, 1202 (1963).

We do not regard this as a satisfactory reason for defeating the grantor's intention to create an easement in a person other than the grantee of the estate conveyed in the deed, if the intention to create the easement is adequately expressed in the deed. The view we take is supported by most if not all the legal commentators and by the better reasoned cases.[8] It is also adopted by the Restatement. 5 Restatement of the Law of Property, § 472, p. 2966 (1944) states the rule as follows:

> "By a single instrument of conveyance, there may be created an estate in land in one person and an easement in another."[9]

---

[8] The Kentucky court confronted the rule directly: "We have no hesitancy in abandoning this archaic and technical rule. It is entirely inconsistent with the basic principle followed in the construction of deeds, which is to determine the intention of the grantor as gathered from the four corners of the instrument." Townsend v. Cable, 378 SW2d 806, 808 (Ky 1964). 2 American Law of Property, § 8.29, p. 254 (1952); Harris, Reservations in Favor of Strangers to the Title, 6 Okla L Rev 127 (1953).

See also, 4 Tiffany, Law of Real Property, § 974, p. 51-52 (3d ed 1939); Note, Can a Reservation or Exception of an Easement be Made in Favor of a Third Person in Pennsylvania, 53 Dick L Rev 151 (1949); and Hollosy v. Gershkowitz, 88 Ohio App 198, 200, 98 NE2d 314 (1950) (relying on 5 Restatement of Property, § 472).

[9] Comment b to § 472 adds the following explanation:

"*Concurrent conveyances of incorporeal and corporeal interests by single instrument of conveyance.* It is possible in a single instrument of conveyance to convey corporeal interests to one while conveying incorporeal interests to another. Thus, conveyances may be made of a life estate to one and of a remainder in fee to another. Likewise, it is possible to convey an estate in fee to one conveyee and at the same time and by the same instrument of conveyance convey an easement in the same land to another conveyee. This result is not prevented by the fact that the conveyance of the easement is, in terms, a reservation to the person to whom it is conveyed. Thus an easement may be created in C by a deed by A which purports to convey Blackacre to B in fee reserving an easement to C. If, in other respects, the necessary formalities for the creation of an easement are complied with, such a reservation operates as an effective conveyance to the person in whose favor the reservation is, in terms, made."

The contrary view expressed in our previous cases, including *Butcher v. Flagg,* 185 Or 471, 203 P2d 651 (1949) and *Van Natta v. Nys and Erickson,* 203 Or 204, 278 P2d 163, 279 P2d 657 (1955) is repudiated.

The interest created here is not substantially different than the interest recognized as creatable in *Rodgers et ux v. Reimann et ux,* 227 Or 62, 361 P2d 101 (1961). There we recognized that a building restriction contained in a deed conveying the parcel of land could operate to benefit an adjoining parcel of land previously conveyed to another grantee (although it was found that the interest was not in fact created because there was insufficient evidence to establish the intent to benefit the particular parcel in question). In that case we carefully explained the basis for recognizing the creation of an interest in a third person. There is an equally sound basis for recognizing the creation of an easement in the present case.

The fact that in the *Rodgers* case the interest purported to be created was by way of contract or covenant and the present case by way of conveyance (reservation) of an easement is not material.

It will be noted that the reservation in the Leer deed did not name the person or property to be benefited by the easement. This was true also in the building restriction in the *Rodgers* case and yet we recognized the creation of an interest appurtenant to the adjoining land.

■ We have previously held that an appurtenant easement may be created without specifically designating the dominant estate which is benefited by the easement. Thus in *Tusi v. Jacobsen,* 134 Or 505, 293 P 587, 293 P 939, 71 ALR 1364 (1930), where the deed reserved a right of way over the land conveyed without refer-

ence to the land to be benefited, we recognized the creation of an easement appurtenant to land retained by the grantor. There we said that whether an easement is appurtenant may be determined by " 'the relation of the easement to the so-called dominant estate, or the absence of it, and in the light of all the circumstances under which the grant was made,' " and that "we look not only to the deed but to the facts and circumstances under which it was executed to ascertain the intention of the original grantor in the creation of this easement. What was the relation of the easement to the remaining part of the land owned by the grantor?" (134 Or at 509, 510).

The intention to benefit the land of a prior grantee can likewise be derived from the circumstances attendant upon the grant.

■ In the present case there was sufficient evidence to establish the grantor's intention to impose the servitude upon defendants' land for the benefit of the land previously conveyed to plaintiffs. The grantor himself testified that this was his purpose. Considering the location of the easement in relation to the surrounding land, it is difficult to conceive of the easement as having any other purpose than to benefit plaintiffs' land.

■ We do not accept defendants' narrow construction of the terms "public utility" and "over and across" mentioned above. Although a sewer line is below the surface, it still may be described as running "over and across" the servient land. The term "over" does not necessarily mean "above." A sewer system designed by the city to dispose of sewage in a part of the city certainly can be classified as a "public utility." It is clear from the evidence that the grantor who employed

this term in the reservation intended the term to embrace the sewer easement now claimed by plaintiffs.

We are of the opinion that the trial court correctly interpreted the reservation in the deed.

The judgment of the trial court is affirmed.

PERRY, C. J., concurs in the result.