Loretta Jean Boettcher MALLOY,
Plaintiff and Appellee,

v.

Dorothy M. BOETTCHER, Defendant
and Appellant.

Civ. No. 10339.

Supreme Court of North Dakota.

May 12, 1983.

James M. Vukelic, Mott, for plaintiff and appellee.

T.L. Secrest, Hettinger, for defendant and appellant.

ERICKSTAD, Chief Justice.

This appeal from the District Court of Hettinger County, dated October 19, 1982, raises the following single issue:

Whether or not, in a deed of conveyance, a reservation of a life estate unto a third party, who is a stranger to the title of the property, is effective to convey the life estate to the third party.

On May 22, 1978, Clyde Boettcher and his wife, Dorothy, executed a deed conveying an undivided one-third interest in a quarter section of property to their daughter, Loretta Jean Boettcher Malloy. The deed contained the following reservation clause:

" 'RESERVING HOWEVER, to parties of the first part a life estate in the one-third ($\frac{1}{3}$) interest hereby conveyed.' "

It is stipulated that at the time the deed was executed Clyde was the sole owner of the property, and Dorothy had no interest in it.

Clyde died intestate on September 8, 1978. On February 12, 1982, Loretta filed a quiet title action asserting that she is the owner of the undivided one-third interest in the property conveyed to her by the May 22, 1978, deed. Dorothy asserts that by the reservation in the deed she possesses a life estate interest in the property. Neither party attempted to introduce testimony or other extrinsic evidence relative to Clyde's intent as a grantor of the May 22, 1978, deed. The case was submitted upon a stipulation of facts by the parties. The trial court determined that a reservation in a deed of conveyance cannot convey an interest to a third person who is a stranger to the title of the property. The district court, holding that Dorothy did not receive a life estate interest in the property under the reservation clause, entered judgment for Loretta from which Dorothy has filed this appeal.

In *Stetson v. Nelson*, 118 N.W.2d 685 (N.D.1962), this Court followed the common law rule that a reservation or exception in a deed of conveyance cannot operate as a conveyance to a third party who is a stranger to the title or deed:

"While a reservation and exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted interests in the land, such an exception is effectual to prevent the title to the excepted interests from passing to the grantee.

\* \* \* \* \* \*

"Thus a reservation or exception purporting to be in favor of a stranger operates in favor of the grantor and prevents the title to the excepted or reserved property from passing to the grantee." 118 N.W.2d at 688.

For reasons hereinafter discussed, we abandon the common law rule and apply, in its stead, the rule that a reservation or exception can be effective to convey a property interest to a third party who is a stranger to the deed or title of the property where that is determined to have been the grantor's intent.

The common law rule that a reservation or exception cannot constitute a conveyance to a third party is based upon an extremely narrow interpretation of the terms "reservation" and "exception." When a grantor attempts to reserve or except a property interest unto a third party the common law rule may operate to defeat the obvious intent of the grantor to transfer the reserved or excepted interest to the third party. It is well settled that the primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor. Several jurisdictions have abandoned the common law rule on the ground that it serves no useful purpose and is contrary to the rule that a deed must be construed to carry out a grantor's intent if at all possible. *Willard v. First Church of Christ, Scientist, Pacifica,* 7 Cal.3d 473, 498 P.2d 987, 102 Cal.Rptr. 739 (1972); *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960 (1970); *Townsend v. Cable,* 378 S.W.2d 806 (Ky. 1964); *See also, Krug v. Reissig,* 488 P.2d 150 (Wyo.1971).

In *Townsend, supra,* the Kentucky Court of Appeals expresses what we believe is a well-reasoned basis for abandoning this common law rule:

"This Court [in *Combs v. Hounshell,* 347 S.W.2d 550 (Ky.1961) ] (even if it was dictum as contended by appellants) traced the ancient and archaic rule of 'reservations' and 'exceptions' from its feudal origin down to date, and concluded with these words (page 555 of 347 S.W.2d):

" 'So in conclusion we must concede that the distinction between a "conveyance" to a third party and a "reservation" in his favor is tenuous and artificial and has long outlived the reason for its existence in the first place. \* \* \* In a future case involving what is intended to be a conveyance over of some interest such as an easement, or even a life estate, but is inartfully couched in terms of reservation or exception in favor of the third party, it may be proper that we consider abolition of the distinction, \* \* \*.'

"That future case is now before the Court and the question of upholding or abolishing the rule is presented for decision.

"We have no hesitancy in abandoning this archaic and technical rule. It is entirely inconsistent with the basic principle followed in the construction of deeds, which is to determine the intention of the grantor as gathered from the four corners of the instrument." 378 S.W.2d at 807–808.

In abandoning this common law rule the Supreme Court of Oregon in *Garza, supra,* expresses rationale which is similar to that of the Kentucky Court of Appeals in *Townsend, supra:*

"This rule is derived from a narrow and highly technical interpretation of the meaning of the terms 'reservation' and 'exception' when employed in a deed. It is said that a person other than the grantor 'has no interest in the land to be excepted from the grant, and likewise none from which a reservation can be carved out.'

"We do not regard this as a satisfactory reason for defeating the grantor's intention to create an easement in a person other than the grantee of the estate con-

veyed in the deed, if the intention to create the easement is adequately expressed in the deed." (Footnotes omitted.) 467 P.2d at 961.

In abandoning this common law rule the Supreme Court of California, in *Willard, supra,* states:

"The common law rule conflicts with the modern approach to construing deeds because it can frustrate the grantor's intent. Moreover, it produces an inequitable result because the original grantee has presumably paid a reduced price for title to the encumbered property....

"In view of the obvious defects of the rule, this court has found methods to avoid it where applying it would frustrate the clear intention of the grantor....

"Since the rule may frustrate the grantor's intention in some cases even though it is riddled with exceptions, we follow the lead of Kentucky and Oregon and abandon it entirely." 498 P.2d at 989–991.

The *Willard, supra,* case is particularly relevant because California has a statutory provision, identical to Section 47–09–17, of the North Dakota Century Code, which provides:

"*47–09–17. Present interest and benefit—When taken.*—A present interest and the benefit of a condition or covenant respecting property may be taken by any natural person under a grant although not named a party thereto."

In *Willard, supra,* the California Supreme Court concludes that the common law rule that a reservation or exception cannot constitute a conveyance of a property interest to a third party conflicts with the foregoing statutory provision in certain situations. We have been no more successful than the California Supreme Court in our attempt to find other authorities having construed this or similar provisions.[1] Nevertheless, we

agree with the California Supreme Court's interpretation of the provision that it is inconsistent with the common law rule that a reservation or exception cannot constitute a conveyance to a third party. We construe Section 47–09–17, N.D.C.C., as permitting a natural person to receive a present interest in property even though that person is not named through words of conveyance as a party under the grant.

In accordance with the foregoing discussion we follow the jurisdictions of California, Oregon, and Kentucky in abandoning the common law rule that a reservation or exception unto a third party who is a stranger to the deed or title of the property cannot constitute a conveyance of the property to the third person. To the extent that the opinion in *Stetson, supra,* is to the contrary, it is hereby overruled.

In this case the reservation clause reserves a life estate to the "parties of the first part" who are Clyde Boettcher and his wife Dorothy. If Clyde had intended to deduct from the property interest being conveyed to his daughter Loretta only a life estate for the duration of his own life, he could have easily expressed that intent in the reservation clause. Instead, however, he reserved a life estate to both himself and his wife Dorothy as "parties of the first part." We believe that the language of the reservation clause expresses Clyde's intent that upon his death Dorothy would possess a life estate interest in the property.

We hold that, under the May 22, 1978, deed Dorothy possesses a life estate in the property described in that deed. Accordingly, the judgment of the district court is reversed.

VANDE WALLE, Justice, concurring specially.

I concur in the result reached in the opinion authored by the Chief Justice. I agree with the concurring opinions of Justice

---

1. In *Willard, supra,* the California Supreme Court notes at footnote three:

"We have been unable to find a California case that cites the section. Similar provisions in the codes of other states have also

lain unused on the books. (See Mont.Rev. Codes Ann. (1962) § 67–1524; N.D.Cent. Code (1962) § 47–09–17; R.I.Gen.Laws Ann. (1956) § 34–11–10.)" 498 P.2d at 990.

Sand and Justice Pederson that a wife is not a stranger to the title. However, I reserve any comments as to whether or not we should overrule the Court's decision in *Stetson v. Nelson,* 118 N.W.2d 685 (N.D. 1962), until a case is presented to us on appeal in which the issue of a reservation to a true stranger to the title is raised and briefed. The issue presented to us in the instant case was merely whether or not a wife is a stranger to the title. The parties neither raised nor briefed the larger issue of completely abrogating the holding in *Stetson v. Nelson, supra.*

PAULSON, J., concurs.

PEDERSON, Justice, concurring specially.

I agree that to the extent that *Stetson v. Nelson,* 118 N.W.2d 685 (N.D.1962), may be interpreted to defeat attempted reservations to a husband and wife in a deed signed by that husband and wife, it ought to be overturned. In my view, a necessary party to a transaction is certainly not a stranger. The interest of a wife in her husband's property may not readily appear in a title abstract but readily appears in the law of this state as interpreted by the decisions of this court and the title opinions issued by examining lawyers. It is a misnomer to label Dorothy Boettcher a stranger in this case. When a case involving a real stranger comes along, I think this court may very well want to apply *Stetson v. Nelson.*

SAND, Justice, concurring specially.

I concur in the result reached in the majority opinion and in the special concurring opinion of Justice Pederson. However, I have reservations regarding the rationale by which the result was reached in the majority opinion.

The warranty deed in question, in the opening paragraph, stated:

"THIS INDENTURE, Made this 22nd day of May, 1978, in the year of our Lord one thousand nine hundred and seventy-eight by and between CLYDE E. BOETTCHER and DOROTHY M. BOETTCHER, his wife, parties of the first part, and LORETTA JEAN BOETTCHER MALLOY, party of the second part:"

After the granting clause, the deed stated:

" . . . RESERVING HOWEVER, to parties of the first part a life estate in the one-third (⅓) interest hereby conveyed."

Dorothy was named in the instrument as a party of the first part and was not a stranger to the instrument, whereas the person receiving the reserved interest in *Stetson v. Nelson,* 118 N.W.2d 685 (N.D. 1962), was not a party to the instrument. Consequently, the rule of law stated in *Stetson* that a reservation or exception in favor of a stranger to the instrument is void and inoperative as to such stranger is not applicable in the instant case.

Furthermore, under the current laws of this state a spouse has an interest in the other spouse's property. Anyone having doubt about this interest in property need only examine the practices followed by banks, savings and loan associations, and other lending institutions to resolve the doubt and conclude that the spouse has such interest. The lending institutions require both spouses to sign deeds or other instruments conveying an interest in the property. This interest has been implicitly recognized by our Legislature in the enactment of North Dakota Century Code §§ 47–10–23 and 47–10–23.1. In addition, the courts in divorce cases have considered the property of both spouses in making equitable distribution of the property to the respective parties. These items clearly establish that one spouse has an interest in the other spouse's property. The "inchoate rights" of one spouse in the other spouse's property have been recognized by the courts and, accordingly, a reservation to a spouse not being a stranger has been upheld. Vol. 6 Oklahoma Law Review 127, 136, and cases cited therein.

As to the abrogation or abandonment of the common law doctrine or rule, pursuant

to NDCC § 1–01–06 this was accomplished when the Legislature enacted NDCC § 47–09–17. It is a *fait accompli.* Section 1–01–06, NDCC, provides:

> "In this state there is no common law in any cases where the law is declared by the code."

In my opinion, merely noting that the Legislature has enacted a law which supersedes the common law on that subject is controlling and is adequate.

Nevertheless, because NDCC § 47–09–17 has been a part of the North Dakota Code since 1877 but has not been followed with any annotation or indication of having been used by this Court in a previous opinion, leaves me with an uneasy feeling.