**Keith D. WINTER, Appellant,**

v.

**The UNITED STATES of America; Tenneco Oil Company; Virginia S. Najjar; Paulette Williamson; the Unknown Heirs, Devisees, Legatees and Creditors of David P. Winter, a/k/a David Winter, Deceased; the Unknown Heirs, Devisees, Legatees and Creditors of Ulyssa K. Winter, Deceased; and All Other Persons Unknown Claiming Any Estate or Interest or Lien or Encumbrance Upon the Property Described in the Complaint, Appellees.**

No. 85–5144.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1985.

Decided Feb. 13, 1986.

James D. Geyer, Dickinson, N.D., for appellant.

Charles S. Miller, Asst. U.S. Atty., Bismarck, N.D., for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and McMANUS,* Senior District Judge.

McMANUS, Senior District Judge.

Appellant-plaintiff, Keith D. Winter, appeals from a final judgment below[1] quieting title to mineral rights in favor of the United States, 624 F.Supp. 38. Keith D.

---

* The HONORABLE EDWARD J. McMANUS, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

1. Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

Winter, heir of David P. Winter, brought this action pursuant to 28 U.S.C. § 2409a to quiet title to fifty percent of the minerals, except coal, underlying 320 acres in McKenzie County, North Dakota. Appellees, the United States, Tenneco Oil Company and Paulette Williamson, were the only answering defendants below. Tenneco and Williamson claim oil and gas leases in the property. For reversal, Keith D. Winter argues that the lower court erred in quieting title in the United States because McKenzie County's void reserved mineral interest remained in the grantor. Affirmed.

McKenzie County obtained title to the N½ NW¼ and W½ NE¼ of Section 17 and NE¼ of Section 14 in Township 149 North, Range 103 West by tax deed in 1940. By deeds dated December 5, 1945 and February 5, 1947, McKenzie County conveyed the property to David Winter. Both deeds were subject to the provisions of Chapter 136 of the Laws of North Dakota, 1941, reserving to the county fifty percent of all oil, gas and mineral rights. David Winter brought a quiet title action covering the land in Section 17. The quiet title judgment, dated January 16, 1947, adjudged that David Winter was the owner in fee simple of the portion of land in Section 17 and that the defendants, including McKenzie County, had no estate or interest therein.

By warranty deed dated September 18, 1949, David Winter conveyed the above lands to the United States in exchange for another parcel of land. The deed conveyed the land subject to the following reservations and exceptions:

\* \* \* \* \* \*

Except fifty percent of all oil, gas or minerals that may be found underlying said lands, reserved by McKenzie County, North Dakota, in its deed to David Winter dated December 5, 1945, \* \* \* and by its deed to David Winter dated February 5, 1947 \* \* \*.

David Winter did not reserve any minerals for himself and the minerals had an appraised value of zero in 1948.

The Supreme Court of North Dakota subsequently held that reservations of oil, gas and minerals contained in county deeds pursuant to Chapter 136 of the Laws of North Dakota, 1941, are void. *See Kershaw v. Burleigh County*, 77 N.D. 932, 47 N.W.2d 132 (1951).

Plaintiff argues that McKenzie County's void reserved interest remained in the grantor David Winter because he did not intend it to pass to the United States.

In *United States v. McKenzie County*, the district court interpreted a similar deed to the United States, and found that the grantor did not intend to reserve any interest to himself. 187 F.Supp. 470, 478 (D.N. D.1960), *aff'd sub nom. Murray v. United States*, 291 F.2d 161 (8th Cir.1961). McKenzie County had obtained title to a parcel of land by tax deed and later conveyed the land to Ivan Murray subject to the provisions of Chapter 136, reserving to the County fifty percent of all oil, gas and mineral rights. Murray obtained a quiet title judgment and then conveyed the land to the United States subject to a reservation that was almost identical to the instant reservation. *Id.* at 472. The court found that the intent of the parties, as expressed in the deed, was that all interest and title of the grantor was included in the grant. *Id.* at 476.

Plaintiff argues that a later North Dakota case decided that a void reservation remains in the grantor. *Stetson v. Nelson*, 118 N.W.2d 685 (N.D.1962). In *Stetson v. Nelson*, Kistler attempted to convey property by warranty deed to Iverson excepting and reserving to Marcus a four-fifths interest in the mineral rights. *Id.* at 686–687. Marcus was a stranger to the instrument and the reservation to Marcus was void. *Id.* at 688. The court then decided that, based on the attempted reservation, neither the grantor nor the grantee intended that the grantee should receive the reserved interest and, therefore, the interest remained in the grantor. *Id.* at 688.

*McKenzie County* and *Stetson v. Nelson* are not inconsistent. Both cases were de-

cided on the parties' intentions and the facts of the cases determined their outcome. This case is similar to *McKenzie County* and the district court correctly found that David Winter intended to transfer his complete interest in the land and did not intend to reserve any interest in himself.

Affirmed.