2013 ND 168

Joan Marie HALLIN and John P. Hallin and Susan Kay Bradford, Plaintiffs and Appellees

v.

Jack LYNGSTAD, a/k/a John Lyngstad; Lorraine F. Lyngstad, Robert G. Lyngstad, Jr., and John O. Lyngstad III, as co-trustees of the Robert G. Lyngstad QTIP Trust; Edna Moses, James J. Moses, Jr., a/k/a James Moses, a/k/a Jay Moses, as personal representative of the Estate of Edna J. Moses, a/k/a Edna Moses, deceased; Steve Tillotson; Carol Tillotson; and Ellen Tillotson, a/k/a Reverend Ellen Tillotson, Defendants and Appellants.

No. 20120354.

Supreme Court of North Dakota.

Sept. 25, 2013.

Kerry J. Carpenter, Bismarck, N.D., for plaintiffs and appellees.

Charlotte J. Skar, Fargo, N.D., for defendants and appellants.

CROTHERS, Justice.

[¶ 1] Defendants/Appellants ("Lyngstads") appeal from a summary judgment quieting title in the Plaintiffs/Appellees ("Hallins") to a 2/3 interest of an undivided 3/4 interest in minerals in land in Mountrail County. We conclude the legal effect of a 1960 warranty deed's plain language, excepting and expressly reserving "unto the Grantors" an "undivided 3/4 interest" in the minerals, did not alter the grantors' proportion of ownership existing before execution of the 1960 deed. We affirm.

I

[¶ 2] This appeal arises out of a quiet title action for mineral interests in Mountrail County described as:

"Township 153 North, Range 92 West

Section 14: S1/2SW1/4

Section 23: N1/2NW1/4."

The parties are the heirs and successors-in-interest to the grantors on the 1960 warranty deed conveying the above property. Lyngstads are successors-in-interest to Emma and John Lyngstad, and Hallins are successors-in-interest to Walter and Esther Brandt. The district court quieted title in the Hallins to a 2/3 interest of an undivided 3/4 interest in minerals in the above land. The parties do not dispute that, before execution of this 1960 deed, Emma Lyngstad owned a 1/3 interest in the surface and the minerals in the property and Walter Brandt owned a 2/3 interest in the surface and the minerals in the property.

[¶ 3] The grantors on the 1960 deed are identified as: "Emma L. Lyngstad and John O. Lyngstad, wife & husband, and Walter J. Brandt & Esther C. Brandt husband & wife." The 1960 deed also contains the following language after the legal description of the property:

*"Excepting from the premises herein conveyed and expressly reserving unto the Grantors herein an undivided 3/4 interest in and to all of the Oil, gas, and other minerals* in and under and that may be produced from the lands herein described, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas, casinghead gas, casinghead gasoline, and other minerals, and storing, handling, transporting and marketing the same therefrom."

(Emphasis added.) The parties agree the grantors in the 1960 deed together conveyed 100 percent of the surface of the property and 1/4 of the minerals to the grantee, R.I. Hukkanen. The parties also agree that together they all own 3/4 of the mineral interests in the property, but they dispute the proportion of ownership in the minerals based on competing interpretations of reservation language in the 1960 warranty deed.

[¶ 4] In November 2011, Hallins commenced this action to quiet title to the disputed mineral interests. Hallins claim that they own 2/3 of the 3/4 of the mineral interests, as successors-in-interest to Walter and Esther Brandt, and that Lyngstads own 1/3 of the same 3/4 of the mineral interests, as successors-in-interest to Emma and John Lyngstad. Lyngstads, however, claim they collectively own 1/2 of the 3/4 mineral interest and Hallins collectively own the other 1/2 of the 3/4 minerals interest. Lyngstads moved for summary judgment, and Hallins filed a cross-motion for summary judgment.

[¶ 5] In posturing the case for summary judgment, the parties agreed no disputed material facts exist and only a legal issue remained for the district court in construing the 1960 warranty deed. It was undisputed that all the grantors in the

1960 deed are deceased, that there are no known contemporary documents from 1960 reflecting the grantors' intentions, and that none of the plaintiffs or defendants in the action have any personal knowledge of the grantors' intent in 1960. The district court granted Hallins' summary judgment motion and denied Lyngstads' motion, holding no evidence of a separate contract or agreement existed between the grantors. The court quieted title to an undivided 2/3 of the undivided 3/4 mineral interests reserved in the 1960 warranty deed quieted in the Hallins as the heirs, successors, and assigns of Walter Brandt.

## II

[¶ 6] Our standard for reviewing a district court's grant of summary judgment is well-established:

"Summary judgment under N.D.R.Civ.P. 56(c) is a procedural device for the prompt and expeditious disposition of a lawsuit without a trial 'if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes will not alter the result.' "

*Nichols v. Goughnour*, 2012 ND 178, ¶ 9, 820 N.W.2d 740 (quotations omitted). "Whether a district court properly granted summary judgment 'is a question of law that we review de novo on the record.' " *Id.* (quotations omitted).

## III

[¶ 7] Lyngstads argue the district court erred in granting summary judgment in favor of the Hallins and erred in creating an issue by relying on a lack of evidence of an agreement between the grantors. The parties do not contend the 1960 warranty deed is ambiguous, nor do they assert reformation of the deed is nec-

essary. The parties instead argue, based on the undisputed facts, for competing legal interpretation and effect of the 1960 deed's language excepting and reserving the mineral interest to the grantors.

[¶ 8] In *Waldock v. Amber Harvest Corp.*, 2012 ND 180, ¶ 6, 820 N.W.2d 755 (quoting *Carkuff v. Balmer*, 2011 ND 60, ¶ 8, 795 N.W.2d 303), we reiterated our rules for construing deeds:

"In construing a deed, the primary purpose is 'to ascertain and effectuate the grantor's intent, and deeds are construed in the same manner as contracts.' *State Bank & Trust of Kenmare v. Brekke*, 1999 ND 212, ¶ 12, 602 N.W.2d 681; *see Williams Co. v. Hamilton*, 427 N.W.2d 822, 823 (N.D.1988). If a deed is unambiguous, this Court determines the parties' intent from the instrument itself. *See Brekke*, at ¶ 12; *Stracka v. Peterson*, 377 N.W.2d 580, 582 (N.D. 1985). In other words, '[t]he language of the deed, if clear and explicit, governs its interpretation; the parties' mutual intentions must be ascertained from the four corners of the deed, if possible.' *North Shore, Inc. v. Wakefield*, 530 N.W.2d 297, 300 (N.D.1995); *see* N.D.C.C. §§ 9–07–02, 9–07–03, 9–07–04, 47–09–11. Whether or not a contract is ambiguous is a question of law. *Brekke*, at ¶ 12."

Thus, our primary purpose in construing a deed "is to ascertain and effectuate the grantor's intent." *Nichols*, 2012 ND 178, ¶ 12, 820 N.W.2d 740.

### A

[¶ 9] Before execution of the 1960 warranty deed Emma Lyngstad owned 1/3 of the surface and minerals and Walter Brandt owned 2/3 of the surface and minerals. Although Emma and John Lyngstad, as wife and husband, and Walter and Esther Brandt, as husband and wife, were

grantors in the 1960 deed, both John Lyngstad and Esther Brandt were not previously in the chain of title. At summary judgment, the parties disputed whether the reservation language in the 1960 deed could convey any interest to John Lyngstad and Esther Brandt.

[¶ 10] Based on *Malloy v. Boettcher*, 334 N.W.2d 8 (N.D.1983), Hallins argued that, while Walter Brandt's interests may be conveyed to his wife through a reservation, his interests could not be conveyed through a reservation to a non-spouse stranger to title such as John Lyngstad. Lyngstads argue that the reserved mineral interests were, in fact, conveyed to John Lyngstad and Esther Brandt, despite not being original owners of the property sold or reserved in the 1960 deed, and that Walter Brandt's mineral interests could be conveyed to someone other than himself or his spouse through the reservation. For support, Lyngstads cite *Malloy* and N.D.C.C. § 47–09–17 ("A present interest and the benefit of a condition or covenant respecting property may be taken by any natural person under a grant although not named a party thereto.").

[¶ 11] In *Malloy*, the sole issue was whether "in a deed of conveyance, a reservation of a life estate unto a third party, who is a stranger to the title of the property, is effective to convey the life estate to the third party." 334 N.W.2d at 8. In *Malloy*, a husband and wife executed a deed in 1978, conveying an interest in land to their daughter and reserving "to [the] parties of the first part a life estate" in the interest. At the time of the deed, the husband was the sole owner of the property and the wife had no interest. *Id.* After the husband's death, the daughter sued to quiet title, asserting she was the owner of the interest conveyed in the 1978 deed, while the wife asserted she possessed a life estate under the deed's reservation. *Id.*

The Court held the wife possessed a life estate under the reservation clause of the deed. *Id.* at 10.

[¶ 12] *Malloy* initially acknowledged this Court previously followed the common law rule "that a reservation or exception in a deed of conveyance cannot operate as a conveyance to a third party who is a stranger to the title or deed." *Malloy*, 334 N.W.2d at 8–9 (discussing *Stetson v. Nelson*, 118 N.W.2d 685, 688 (N.D.1962) ("Thus a reservation or exception purporting to be in favor of a stranger operates in favor of the grantor and prevents the title to the excepted or reserved property from passing to the grantee.")). However, *Malloy* then purports to "abandon the common law rule and apply, in its stead, the rule that a reservation or exception can be effective to convey a property interest to a third party who is a stranger to the deed or title of the property where that is determined to have been the grantor's intent." *Id.* at 9. The *Malloy* Court reasoned:

"The common law rule that a reservation or exception cannot constitute a conveyance to a third party is based upon an extremely narrow interpretation of the terms 'reservation' and 'exception.' When a grantor attempts to reserve or except a property interest unto a third party the common law rule may operate *to defeat the obvious intent of the grantor* to transfer the reserved or excepted interest to the third party. It is well settled that the primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor. Several jurisdictions have abandoned the common law rule on the ground that it serves no useful purpose and is contrary to the rule that a deed must be construed to carry out a grantor's intent if at all possible. *Willard v. First Church of Christ, Scientist, Pacifica*, 7 Cal.3d 473, 498 P.2d 987, 102 Cal.Rptr. 739

(1972); *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960 (1970); *Townsend v. Cable,* 378 S.W.2d 806 (Ky.1964); *See also, Krug v. Reissig,* 488 P.2d 150 (Wyo. 1971)."

*Malloy,* at 9 (emphasis added). The Court in *Malloy* also found *Willard,* 102 Cal. Rptr. 739, 498 P.2d 987 "particularly relevant" because California had a statutory provision similar to N.D.C.C. § 47–09–17, and agreed with the California Supreme Court's interpretation that this provision was "inconsistent with the common law rule that a reservation or exception cannot constitute a conveyance to a third party." *Malloy,* at 10. However, *Malloy* was a split decision in which four Justices in three separate concurrences agreed only in the result reached by Chief Justice Erickstad. *Malloy,* at 10–12. The concurring Justices refused to abrogate the holding in *Stetson* because a spouse is not a true "stranger" to the title or deed. *See Malloy,* at 10–12.

[¶ 13] The effect of *Malloy* was to retain the common law rule, as stated in *Stetson,* but to hold an exception or reservation may be effective to convey property to a spouse who does not have an interest in the property but joins in the deed's execution, when that is determined to have been the grantor's intent. Nonetheless, here, even if we were inclined to abandon the common law rule as urged by Chief Justice Erickstad in *Malloy,* we decline to do so because, as will be discussed, we conclude the unambiguous language of the 1960 deed, in excepting and reserving the mineral interests, does not state a clear and obvious intent by the grantors to convey the mineral interests equally among the grantors so as to constitute a conveyance to a third-party stranger to the title or deed. We therefore decline to extend *Malloy* to completely abrogate the holding in *Stetson.*

**B**

■ [¶ 14] Lyngstads contend that, based on the plain language of the 1960 deed, the grantors' intent by "[e]xcepting from the premises" and "expressly reserving unto the Grantors" an "undivided 3/4 interest" of the mineral interests in the property was to convey equal ownership among them. Lyngstads argue that this "reservation" created a new right in the grantors which did not exist before the grant, that a property right created in favor of several persons is presumed to create an interest in common and that a tenancy in common is an undivided common interest in property in which each tenant in common is equally entitled to the use, benefit, and possession of the property. Hallins respond that Lyngstads' interpretation is unreasonable since, in "reserving" an "undivided 3/4 interest" of the mineral interests, 1/3 of the 1/4 of the minerals received by the grantee came from Emma Lyngstad, and 2/3 of the 1/4 minerals came from Walter Brandt, such that Emma Lyngstad reserved 3/4 of her 1/3 mineral interest to herself and Walter Brandt reserved 3/4 of his 2/3 mineral interest to himself.

■ [¶ 15] The parties' competing interpretations of the 1960 deed highlight the difficulty in distinguishing between an "exception" and a "reservation" in a deed. *See Christman v. Emineth,* 212 N.W.2d 543, 552 (N.D.1973). As explained in *Christman,* although these words are "confused" or used "interchangeably," courts have said "while a reservation is, in effect, a regrant of the thing reserved, an exception operates to take something out of the thing granted which would otherwise pass." *Id.* This Court acknowledged the difficulty because both cause "something to be deducted from the thing granted, narrowing and limiting what would otherwise

pass by the general words of the grant." *Id.* Thus, the terms "are not conclusive as to the nature of the provision, and . . . the technical meaning will give way to the obvious intent, even though the technical term to the contrary was used." *Id.; see also Mueller v. Stangeland,* 340 N.W.2d 450, 452 (N.D.1983); *Royse v. Easter Seal Soc'y,* 256 N.W.2d 542, 545 (N.D.1977).

[¶ 16] Lyngstads assert that the language in the deed excepting and reserving an "undivided 3/4 interest" in the minerals indicates that the grantors intended the reserved ownership of the mineral interest to be equal. However, an "undivided interest" merely means "[a]n interest held under the same title by two or more persons, whether their rights are equal or unequal in value or quantity." *Black's Law Dictionary* 886 (9th ed.2009). Lyngstads also correctly assert that under N.D.C.C. § 47–02–08, a property interest "created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership for partnership purposes, or unless declared in its creation to be a joint tenancy." *See also* N.D.C.C. § 47–02–05. However, this is not determinative.

[¶ 17] "The chief attribute of a tenancy in common is unity of possession by the joint owners, with each sharing a common right to possession of the entire interest and a separate claim to a fractional share of the property." *Volson v. Volson,* 542 N.W.2d 754, 756 (N.D.1996) (citing *Powell on Real Property,* Vol. 4A, 601(1)). "Generally, each tenant in common is equally entitled to the use, benefit, and possession of the common property." *Volson,* at 756 (citing *Stevahn v. Meidinger,* 79 N.D. 323, 57 N.W.2d 1 (1952)). The undivided fractional shares held by tenants in common "are presumed to be equal unless circumstances indicate otherwise." *Id.* § 50.02[5]. However, while cotenants "of a tenancy in common share a single right to possession of the entire interest," the "cotenants' fractional shares of ownership and the estates held by cotenants may be different." 7 Richard R. Powell, *Powell on Real Property* § 50.01[1] (Michael Allen Wolf ed., 2013).

[¶ 18] Lyngstads argue that silence in the deed reservation as to proportion of ownership reserved shows the grantors' intent to reserve an equal proportion of ownership in all the grantors. In essence, they rely on the presumption that the reserved tenancy in common in the mineral interest would be equal to "clearly" demonstrate the grantors' intent to convey a property interest in the reservation to spouses and a third-party stranger. We are not convinced.

[¶ 19] Based on our review of the 1960 deed to ascertain and effectuate the grantors' intent, we conclude that the language of the deed is unambiguous. We further conclude based on the plain language, while the language excepting and reserving an "undivided 3/4 interest" in the minerals was effective in reserving the minerals to the grantors, the reservation did not operate to regrant an "equal" proportion of the mineral interests in the grantors. Rather, the reservation prevented the mineral interest from passing to the grantee, with the grantors retaining their proportion of their interests prior to execution of the deed. *Cf. Stetson,* 118 N.W.2d at 688. In other words, as a matter of law, the 1960 deed's plain language, excepting and expressly reserving "unto the Grantors" an "undivided 3/4 interest" in the minerals, did not alter the grantors' proportion of ownership existing before execution of the deed.

[¶ 20] We therefore conclude the district court did not err in granting Hallins' summary judgment motion, and we affirm the judgment.

## IV

[¶ 21] We have considered the parties' remaining arguments, and we conclude they are without merit or unnecessary to our decision. We affirm the judgment.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.