# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 33

Stanley R. Nevin,                                                                    Plaintiff

    and

Northern Oil and Gas, Inc.,                       Plaintiff, Intervenor and Appellant

    v.

Helen L. H. Kennedy; Gena Baker f/k/a Gena
Kennedy; Nona Kennedy; Jason Craig Newburn,
as personal representative of Maura Kay Newburn,
deceased: Keira Kennedy Adams; Jess Anne Knutson;
Charles Herbert Jacobson; Miles G. Johnsrud
and Marlene Kay Johnsrud, as Co-Trustees of
the Miles and Marlene Johnsrud Family Mineral
Trust under Agreement dated July 13, 2011;
JoAnn Kennedy; Scott Cameron, as Trustee of the
Scott Cameron Trust dated June 13, 2013;
Shannon Kristine Dusek and David Alan Dusek,
as Trustees of the Shannon and David Dusek
Family Revocable Trust; Tiffany Papagno,
as Personal Representative of the Estate of
Thomas W. Kennedy, deceased; Robert W. Kennedy;
Michael Kennedy; Lisa Marie Kennedy; Lisa Marie Kennedy;
James M. Kennedy; Jodie Thompson Woroniecki, as
Personal Representative of the Estate of
Barbra Kennedy Johnson a/k/a Barbara Kennedy Johnson,
deceased; Michelle Grass; Colleen Zychowicz
f/k/a Colleen Kennedy; Debra Kennedy Griffie;
Benjamin J. Larson; Rainbow Energy
Marketing Corporation; Northern Energy
Corporation; Landmark Oil and Gas, LLC;
Missouri River Royalty Corporation; Spartan
Minerals & Royalty LLC; Sven Resources,
LLC; Continental Resources, Inc.; Burlington
Resources Oil & Gas Company LP;                       Defendants and Appellees

and

XTO Holdings, LLC; PetroShale (US), Inc.;
Bole Resources LLC; Brooks Energy Inc.;
CJC Energy Inc.; KT Energy Inc., Mel Energy Inc.;
Noble Royalty Access Fund 12 LP; Noble Access
Royalty Fund 13 LP; North Fork AD3, LLC;
Outdoor Entourage Inc.; G. William Hurley Revocable
Trust; Hurley Oil Properties Inc.; Wind River Resources
Inc.; WHC Exploration LLC; Dakota West, LLC; Marvin
J. Masset; Avalon North, LLC; Peter Masset;
Newport Minerals, Ltd.; Deep Rock Resources, LLC;
Donald James Kennedy, Jr,; Steven Shannon Kennedy;
and all other persons unknown claiming any estate
or interest in or lien or encumbrance upon the property
described in the Complaint, whether as heirs,
devisees, legatees, or personal representative
of any of the above-named persons who may
be deceased or under any other title or interest,                    Defendants

---

No. 20220136

---

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen, and Justices McEvers and Tufte joined. Hagerty, S.J., filed a dissenting opinion.

Nick A. Swartzendruber, Denver, CO, for plaintiff and appellee Northern Oil and Gas, Inc.

Trevor A. Hunter, Williston, ND, for defendants and appellees Helen L. H. Kennedy, Gena Baker f/k/a Gena Kennedy; Nona Kennedy, Jason Craig Newburn, as personal representative of Maura Kay Newburn, deceased; Keira Kennedy Adams; Jess Anne Knutson; Charles Herbert Jacobson; Miles G. Johnsrud and Marlene K Johnsrud, Co-Trustees of the Miles and Marlene Johnsrud Family Mineral Trust under agreement dated July 13, 2011; JoAnn Kennedy; Scott Cameron, Trustee of the Scott Cameron Trust dated June 13, 2013; Shannon Kristine Dusek and David Alan Dusek, as Trustees of the Shannon and David Dusek Family Revocable Trust; Tiffany Papagno, as Personal Representative of the Estate of Thomas W. Kennedy, deceased; Robert W. Kennedy; Michael Kennedy; Lisa Marie Kennedy; James M. Kennedy; Jodie Thompson Woroniecki, as Personal Representative of the Estate of Barbra Kennedy Johnson a/k/a Barbara Kennedy Johnson, deceased; Michelle Grass; Colleen Zychowicz f/k/a Colleen Kennedy; and Debra Kennedy Griffie.

James E. Dallner (appeared), Parker, CO, for defendant and appellee Continental Resources, Inc.

Jonathon D. Bergman (appeared) and Jennifer S. Allen (appeared), Denver, CO, for defendant and appellee Burlington Resources Oil & Gas Company LP.

Lawrence Bender (on brief) and Spencer D. Ptacek (on brief), Bismarck, ND, for defendants and appellees Rainbow Energy Marketing Corporation, Northern Energy Corporation, Landmark Oil and Gas, LLC, Missouri River Royalty Corporation, Spartan Minerals & Royalty LLC, and Sven Resources, LLC.

**Crothers, Justice.**

[¶1]   Northern Oil and Gas, Inc., appeals from a quiet title judgment deciding Northern Oil did not own mineral interests in certain McKenzie County property. Northern Oil argues the district court erred in concluding the deeds at issue are ambiguous as to whether Angus Kennedy intended to reserve minerals to his wife, Lois Kennedy. We affirm.

I

[¶2]   Angus Kennedy owned real property and mineral interests in McKenzie County. On March 10, 1960, Angus Kennedy and his wife, Lois, executed two deeds conveying the surface and "excepting and reserving unto the parties of the first part, their heirs, successors or assigns, all right, title and interest in and to any and all . . . minerals in or under the foregoing described lands." Lois Kennedy did not own an interest in the property when Angus and Lois Kennedy executed the deeds.

[¶3]   Angus Kennedy died in 1965, and Lois Kennedy died in 1980. Angus and Lois Kennedy did not have children together. Angus Kennedy had six children from a previous marriage. Angus Kennedy's heirs executed numerous mineral leases for the property. Lois Kennedy had one child, Julia Nevin, who died in 1989. In 2016 and 2017, Julia Nevin's surviving husband, Stanley Nevin, executed mineral leases with Northern Oil.

[¶4]   In 2018, Stanley Nevin sued the successors in interest to Angus Kennedy, alleging Lois Kennedy owned half of the minerals reserved in the 1960 deeds. In response, the Angus Kennedy heirs claimed Angus Kennedy did not intend to reserve any minerals to Lois Kennedy because she did not own an interest in the property conveyed in the 1960 deeds. The district court granted Northern Oil's motion to intervene.

[¶5]   Nevin and the Kennedy heirs each moved for summary judgment. The district court denied both parties' summary judgment motions, concluding "the

1

evidence before the court permits reasonable inferences that support the positions of both sides in this controversy." It further determined "the reservation clause in the 1960 Deeds is ambiguous as to what Angus intended, and thus extrinsic evidence . . . must be considered in order to properly determine intent."

[¶6] At a March 2021 bench trial, the district court heard testimony from Angus Kennedy's grandson, James M. Kennedy. The court considered the deposition testimony of a former attorney who knew Angus Kennedy. The Kennedy heirs presented evidence relating to Angus Kennedy's probate proceedings. The court found Angus Kennedy did not intend to reserve minerals to Lois Kennedy in the 1960 deeds. The court also concluded the final decree entered in Angus Kennedy's probate precluded Nevin's and Northern Oil's claims against the Kennedy heirs. The court ruled Nevin and Northern Oil do not own mineral interests in the property. The court entered a judgment quieting title in the minerals to the Kennedy heirs. Northern Oil appeals the judgment.

II

[¶7] Northern Oil argues the district court erred in concluding the 1960 deeds were ambiguous.

[¶8] Deeds are interpreted in the same manner as contracts, and the primary purpose in construing a deed is to ascertain and effectuate the grantor's intent. *Hallin v. Lyngstad*, 2013 ND 168, ¶ 8, 837 N.W.2d 888. Whether a contract is ambiguous is a question of law. *Nichols v. Goughnour,* 2012 ND 178, ¶ 12, 820 N.W.2d 740. "On appeal, we independently review a contract to determine if it is ambiguous." *Id.* The language of a deed governs its interpretation if the language is clear and explicit. N.D.C.C. § 9-07-02. If possible, the parties' mutual intentions must be ascertained from the four corners of the deed. N.D.C.C. § 9-07-04; *Hallin*, at ¶ 8. Like a contract, deeds must be interpreted "to give effect to the mutual intention of the parties as it existed at the time of contracting." N.D.C.C. § 9-07-03. "A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." N.D.C.C. § 9-07-12.

2

[¶9]   When the language of a deed is plain and unambiguous and the parties' intentions can be ascertained from the document alone, extrinsic evidence is not admissible to alter, vary, explain, or change the deed. *Nichols*, 2012 ND 178, ¶ 12. If a deed is ambiguous, extrinsic evidence may be considered to clarify the parties' intentions. *Id.*

[¶10] Here, the district court concluded without explanation that the 1960 deeds are ambiguous. Because that is a question of law, we apply de novo review. *Hallin*, 2013 ND 168, ¶ 8. Upon that review, we also conclude the deeds are ambiguous because of the deeds' wording and the state of the law in 1960.

[¶11] When the deeds were executed in 1960, North Dakota followed the common law rule, as we described in *Malloy v. Boettcher*:

> "In *Stetson v. Nelson,* 118 N.W.2d 685 (N.D. 1962), this Court followed the common law rule that a reservation or exception in a deed of conveyance cannot operate as a conveyance to a third party who is a stranger to the title or deed:
>
>> 'While a reservation and exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted interests in the land, such an exception is effectual to prevent the title to the excepted interests from passing to the grantee.
>>
>> . . . .
>>
>> 'Thus a reservation or exception purporting to be in favor of a stranger operates in favor of the grantor and prevents the title to the excepted or reserved property from passing to the grantee.' 118 N.W.2d at 688."

334 N.W.2d 8, 8-9 (N.D. 1983).

[¶12] Not until 1983 in *Malloy* did this Court suggest the common law rule had been abandoned:

"For reasons hereinafter discussed, we abandon the common law rule and apply, in its stead, the rule that a reservation or exception can be effective to convey a property interest to a third party who is a stranger to the deed or title of the property where that is determined to have been the grantor's intent."

334 N.W.2d at 9.

[¶13] In *Hallin v. Lyngstad*, 2013 ND 168, ¶¶ 12-13, we described the effect of the holding in *Malloy*:

"*Malloy* was a split decision in which four Justices in three separate concurrences agreed only in the result reached by Chief Justice Erickstad. *Malloy*, at 10-12. The concurring Justices refused to abrogate the holding in *Stetson [v. Nelson*, 118 N.W.2d 685 (N.D. 1962)], because a spouse is not a true 'stranger' to the title or deed. *See Malloy*, at 10-12.

"The effect of *Malloy* was to retain the common law rule, as stated in *Stetson*, but to hold an exception or reservation may be effective to convey property to a spouse who does not have an interest in the property but joins in the deed's execution, when that is determined to have been the grantor's intent."

[¶14] Here, the district court acknowledged that "[i]f the language used in the 1960 Deed[s] were unambiguous, the decision in *Malloy* would control. However, the reservation clause in the 1960 Deeds is ambiguous as to what Angus intended, and thus extrinsic evidence, which was not available in *Malloy*, must be considered in order to properly determine intent."

[¶15] Like the deed in *Malloy*, the deeds here identify Angus and Lois Kennedy as "parties of the first part." The deeds excepted and reserved "unto the parties of the first part, their heirs, successors or assigns, all right, title and interest in and to any and all . . . minerals in or under the foregoing described lands."

[¶16] The 1960 deeds were executed when North Dakota followed the common law rule; yet they were drafted with wording suggesting the grantors believed a different rule applied. The language in these deeds is ambiguous as a result of using words that were inconsistent with the law, and in light of the change

4

in legal rules between then and now. Specifically, the reservation of an interest to "parties of the first part," one of whom had no interest in the property, makes the deeds ambiguous about whether the deeds expressed an intent to effect a conveyance to a stranger to the title. *See also* N.D.C.C. § 47-09-17 ("A present interest and the benefit of a condition or covenant respecting property may be taken by any natural person under a grant although not named a party thereto."); *Malloy,* 334 N.W.2d at 11-12, Sand, J., concurring (suggesting common law may have been abrogated with the adoption of N.D.C.C. § 47-09-17).

[¶17] Because the 1960 deeds are ambiguous when viewed in the context of the circumstances when they were made, the district court properly considered evidence beyond the four corners of the deeds. On this record, the evidence supports the court's findings of the meaning and effect of the ambiguity, and therefore are not clearly erroneous.

[¶18] The judgment quieting title to the minerals in favor of the successors to Angus Kennedy is affirmed.

III

[¶19] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is affirmed.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

**Hagerty, S.J., dissenting.**

[¶21] Because I conclude the language of the 1960 deeds was unambiguous, I would reverse.

[¶22] Honorable Gail Hagerty, S.J.

5

[¶23] Gerald W. VandeWalle, who was a member of the Court when this matter was submitted, was disqualified and did not participate in this decision. The Honorable Gail Hagerty, S.J., sitting.